UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELONTA ANTHONY, a minor, by his )
Parent and next friend )
CORINE ANTHONY )
251 V Street, N.W., Apt. 13 )
Washington, D.C. 2001 )
)
      Plaintiffs )
v. )
)
DISTRICT OF COLUMBIA PUBLIC SCHOOLS, )
)
and )
)
CLIFFORD B. JANEY )
(in his official capacity) )
825 North Capitol Street, N.E. )
9th Floor )
Washington, D.C. 20002 )
)
      Defendants. )
)

## COMPLAINT

## NATURE OF THE ACTION

1.    This is an action by plaintiffs Corine Anthony and Delonta Anthony (D.A.) based on the District of Columbia Public Schools' (DCPS') failure to meet the requirements of the Individuals With Disabilities Education Act ("IDEA") in educating D.A. over the course of over eight years. Plaintiffs seek compensatory educational services to remedy DCPS' failure to meet the requirements of IDEA.

## PARTIES

2.    Plaintiff D.A. is a child with disabilities residing in the District of Columbia.

3. Plaintiff Corine Anthony is the mother and custodian of D.A. Ms. Anthony brings this action on behalf of her son and in her own right.

4. Defendant District of Columbia is a municipal corporation which receives monies for use in ensuring that children with disabilities in the District of Columbia are afforded the services to which they are entitled under IDEA.

5. Defendant Clifford B. Janey is the Superintendent of DCPS. He is sued in his official capacity.

## JURISDICTION

6. The Court has subject matter jurisdiction over this case pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1415; 42 U.S.C. 1983; 42 U.S.C. 1988; 28 U.S.C. 2201, 2202, 1331, 1334; and D.C. Mun. Reg. Tit. 5 3031.5. Plaintiffs have exhausted their administrative remedies and appeal to this Court from a decision issued by a Hearing Officer of the District of Columbia Public Schools Student Hearing Office dated November 7, 2005.

## STATEMENT OF FACTS

7. Plaintiff is a 16 year-old boy who has been diagnosed with chronic Paranoid Schizophrenia, and who suffers from a speech and language impairment and functions cognitively in the borderline range.

8. Defendants failed to locate, identify, or evaluate Plaintiff as a child with a disability until September, 2001, even though Plaintiffs should have identified him as requiring services pursuant to IDEA by the 1997-1998 school year, at the latest, but as early as 1994-1995.

9. Defendants did not provide an Individualized Education Program ("IEP") to Plaintiff until the 2001-2002 school year.

10. Even after 2001, Defendants failed to provide Plaintiff with a free appropriate public education, because the IEP's proposed for D.A. were inadequate to meet his needs and because Defendants failed to deliver the education contemplated by the IEPs.

11. Because of Defendants' failure to comply with IDEA's requirements to identify, evaluate, and provide a free appropriate public education to students with disabilities, D.A.'s academic progress and ability to engage in healthy social interactions has suffered.

12. D.A. is entitled to compensatory education to make up for the damage he suffered as a result of Defendants' violations.

13. Plaintiffs requested 7200 hours of compensatory education as a remedy for Defendants' failures in providing D.A. with a free appropriate public education and introduced evidence in support of this requested remedy.

14. DCPS presented no evidence and did not appear at the hearing on compensatory education.

15. The Hearing Officer awarded compensatory education, but only for two years in the form of services at Positive Nature, a therapeutic afterschool program.

16. The Hearing Officer's award fails to appropriately compensate and to place D.A. in the same position he would have occupied but for the school district's violation of IDEA.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court:

(a) Enter judgment for the Plaintiffs and against the Defendant;

(b)  Grant declaratory relief that defendants violated Plaintiffs' rights under applicable law ;

(c)  Declare that the Hearing Officer Determination is erroneous as a matter of law;

(d)  Order the Defendants to provide Plaintiff compensatory education commensurate with the denial of FAPE, including but not limited to 7200 hours of compensatory education;

(e)  Award the Plaintiffs interest and costs, as well as attorneys' fees and expenses; and

(g)  Provide such other and further relief as the Court deems proper.

Respectfully Submitted,

*[signature]*

Ankur J. Goel, D.C. Bar #451594
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Dated: February 3, 2006

WDC99 1192985-2.009900.0021