UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORINE ANTHONY, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS    and : | |
| CLIFFORD B. JANEY, : | |
| Defendants : | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

The District of Columbia, through counsel, and pursuant to Fed. R. Civ. P. 7(b)(1) and 12(b)(6) and (7), moves to dismiss the Complaint filed February 3, 2006. As grounds, Defendants state that the Complaint is untimely filed, and the District of Columbia Public Schools is non sui juris. These grounds are further explained in the memorandum and points of authorities attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

1

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**May 4, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORINE ANTHONY, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS    and : | |
| CLIFFORD B. JANEY, : | |
| Defendants : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

On February 3, 2006, Plaintiffs filed the Complaint against the District of Columbia Public Schools ("DCPS") and Clifford B. Janey in his official capacity, characterizing the Complaint as an "action…based on DCPS' failure to meet the requirements of the Individuals with Disabilities Education Act ("IDEA")." *Complaint, ¶1*.  This action is an appeal from a Hearing Officer's Determination ("HOD") issued November 7, 2005.  *Complaint, ¶6.*

**ARGUMENT**

**I. The Complaint must be Dismissed because it is Untimely Filed.**

On November 7, 2005, impartial Hearing Officer Seymour Dubow issued a HOD awarding the student two school years of compensatory education in the form of after school tutoring and counseling to be provided by Positive Nature, Inc, and funded by

3

DCPS.  *See Defendants' Exhibit 1.*  Plaintiffs' appeal from that decision forms the basis of the Complaint herein.

Under the IDEA, any party aggrieved by the findings and decisions rendered by a state educational agency "shall have the right to bring a civil action with respect to the complaint presented…in any State court of competent jurisdiction or in a district court of the United States." *20 U.S.C. §1415(i)(2)(A).*  20 U.S.C. §1415(i)(2)(B) provides:

> the party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, **or, if the State has an explicit time limitation for bringing such action under this part [20 USCS §§ 1411 et seq.], in such time as the State law allows.**

The District of Columbia has determined that a party must bring an action appealing a Hearing Officer's Determination ("HOD") within 30 days after issuance of that HOD. This jurisdiction has upheld the District of Columbia's 30-day time period.

In Spiegler, et al., v. District of Columbia, et al., 866 F.2d 461, 463 (D.C. 1989), the DC Circuit, in a case of first impression, concluded that "the 30-day local limitations period for petitions for review of administrative decisions is not inconsistent with federal policies and therefore may be adopted for actions under section 1415(e)(2)". Id. at 469.[1]

In the instant case, the Hearing Officer's Determination ("HOD") informed Plaintiff of the District of Columbia's time limitations allowed during the appeal process:

> This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction **within 30 days** of the rendering of this decision.

*Defendants' Exhibit 1, p. 9.*

---

[1] Subsequent rulings by courts in this jurisdiction have followed Spiegler.  E.g., Smith v. Squillacote, 800 F.Supp. 993, 996 (D.D.C. 1992).

The HOD was issued November 7, 2005. Plaintiffs' appeal to this Court should have been filed by December 7, 2005, to be considered timely. However, Plaintiffs' Complaint was not filed until February 3, 2006. Because jurisdiction in this Court is predicated on a timely appeal of an HOD, this Court is without jurisdiction to entertain this action, and Plaintiffs' Complaint should be dismissed with prejudice for failure to timely file.

**II. The Complaint must be Dismissed because no Entity has been named a Defendant.**

The District of Columbia has not been named as a party to this action and has not been issued a summons. Plaintiffs have brought this action against the District of Columbia Public Schools ("DCPS") and Clifford B. Janey, in his official capacity. DCPS is *non sui juris*.

It is well-established that a governmental entity may neither sue nor be sued in the absence of a statutory provision to that effect. Blackmar v. Guerre, 342 U.S. 512 (1952); Trifax Corp. v. District of Columbia, 53 F. Supp.2d 20, 26 (D.D.C. 1999); Braxton v. National Capital Housing Authority, 396 A.2d 215, 216-217 (D.C. 1978). As the Braxton Court held, "A noncorporate department or other body within a municipal corporation is not *sui juris*.

Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." Braxton, 396 A.2d at 216 (internal citations omitted); *see also* Simmons v. D.C. Armory Bd., 656 A.2d 1155, 1156-57 (D.C. 1995); Group Health Association v. D.C. General Hospital, 540 A.2d 1101 (D.C. 1988); Ray v. District of Columbia, 535 A.2d 868, 870 n.2 (D.C. 1987); Miller v. Spencer, 330 A.2d 250, 251 n.1 (D.C. 1974); Dunmore v. District of Columbia, 662 A.2d

1356 (D.C. 1995); <u>Roberson v. District of Columbia Bd. of Higher Education</u>, 359 A.2d 28 (D.C. 1976).

DCPS is an agency of the District of Columbia. There is no provision that allows for the agency to be sued in its individual capacity. Since there is no independent statutory provision providing that DCPS can sue or be sued, Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

Plaintiffs' Complaint was filed more that eight weeks beyond the time period permissible by statute. Plaintiffs' Complaint names DCPS as the Defendant. However, DCPS is non sui juris, and cannot be sued in its individual capacity. Accordingly, Plaintiffs' Complaint must be dismissed with prejudice.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District
     of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Edward P. Taptich*_____
    EDWARD P. TAPTICH (012914)
    Chief, Equity Section 2

    /s/ *Veronica A. Porter*_____
    VERONICA A. PORTER (412273)
    Assistant Attorney General
    441 4th St., N.W., Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6651

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS** and : | |
| **CLIFFORD B. JANEY,** : | |
| Defendants : | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss Complaint, it is this

_____ day of _____, 2006,

**ORDERED** That the Defendants' motion is GRANTED, and it is

**FURTHER ORDERED**, That Plaintiffs' complaint is herein dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE