UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELONTA ANTHONY, a minor, by his<br>Parent and next friend<br><br>CORINE ANTHONY<br>   Plaintiffs<br>v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br>and<br><br>CLIFFORD B. JANEY<br>(in his official capacity)<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 06-192 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs submit this Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint. The Complaint was timely filed within the 90 day period provided for by the 2004 amendments to the Individuals With Disabilities Education Act ("IDEA"). Moreover, although the caption to the complaint inadvertently refers to the District of Columbia Public Schools, plaintiffs properly identified the "District of Columbia" as the defendant in Paragraph 4 of the Complaint.

## PROCEDURAL HISTORY

Plaintiff is a 16 year-old boy who has been diagnosed with chronic Paranoid Schizophrenia and who suffers from a speech and language impairment and functions cognitively in the borderline range. Complaint ¶ 7. This case arises from the District of Columbia's failure to comply with the IDEA.

## **ARGUMENT**

### I. The Complaint Names the District of Columbia as Defendant

Defendant argues that the Complaint improperly names the District of Columbia Public Schools as the defendant rather than the District of Columbia. Although the case caption does list the District of Columbia Public Schools, paragraph 4 of the Complaint clearly and unambiguously identifies the defendant as the District of Columbia. Complaint ¶ 4 ("Defendant District of Columbia is a municipal corporation . . ."). Moreover, the Complaint was served on the mayor's office at 1450 Pennsylvania Ave. N.W., consistent with the requirements for serving the District of Columbia. See Return of Service, Docket No. 3.

Because the Complaint makes clear that the defendant is the District of Columbia, and because the District of Columbia was served and has full notice of the action, the Court should construe the Complaint consistent with Paragraph 4 as having named the District of Columbia.[1]

### II. The Complaint was Timely Filed

Defendant argues that the Complaint was untimely filed. However, the Complaint was filed within the 90 day period provided for appeals from Hearing Officer Decisions in the 2004 amendments to the IDEA. As added in 2004, 20 U.S.C. § 1415(i)(2)(B) provides:

> The party bringing the action shall have **90 days from the date of the decision of the hearing officer** to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part [20 USCS 1411 et seq.], in such time as the State law allows.

Defendant does not cite any "explicit time limitation" for bringing an IDEA appeal under DC law. Indeed, there is no explicit provision in D.C. law that specifies the time period for

---

[1] Plaintiffs are separately filing a motion for leave to file an amended complaint. The proposed amended complaint adds allegations about a March 22, 2006 order the Hearing Officer issued in this matter sua sponte, after the Complaint was filed in this case. The Hearing Officer lacked jurisdiction to issue the March 22, 2006 order. In addition, the amended complaint would conform the case caption to reflect that the defendant is the District of Columbia.

appealing a decision of a hearing officer under the IDEA. In the absence of such a provision, defendant cites instead to caselaw borrowing "analogous" statute of limitations provisions in the absence of a federal statute of limitations. *Spiegler v. District of Columbia*, 866 F.2d 461, 464 (D.C. Cir. 1989). In that context, the D.C. Circuit had previously borrowed a 30 day limitations period. In doing so, however, the Court did not cite to any D.C. law that expressly set the statute of limitations for appeals under IDEA; rather, the Court "'borrow[ed]' one from an *analogous* state cause of action." *Spiegler v. District of Columbia*, 866 F.2d 461, 464 (D.C. Cir. 1989). The D.C. Circuit chose the 30-day limitation period not because it applied directly to IDEA appeals, but because it was "sufficiently analogous" to appeals under IDEA to allow it to be borrowed in the absence of a federal limitations period. *Id.* at 465.

This caselaw predates the IDEA 2004 amendment that added the 90 day federal limitations period and is no longer good law. Indeed *Spiegler* was expressly premised on the absence of a federal statute of limitations. Although Congress' 2004 amendment allowed states to adopt a different limitations for IDEA appeals of hearing officer decisions, Congress specified a federal statute of limitations and allowed states to deviate only if they did so by setting an "explicit time limitation for appeals" under IDEA. Indeed, Congress clarified that it "did not intend for common law to override the particularity of" the 90-day provision. S. Rep. No. 108-185, at 42 (2003). As such, *Spiegler* is no longer good law and the statute of limitations for IDEA appeals in the District of Columbia is 90 days.

## CONCLUSION

The Complaint properly names the District of Columbia and was timely filed within the 90 day period provided by the 2004 amendments to the IDEA. Accordingly, and because plaintiffs intend to file an amended complaint, the motion to dismiss should be denied.

Respectfully Submitted,

/s/ Ankur J. Goel
Ankur J. Goel, D.C. Bar #451594
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Dated: May 15, 2006

WDC99 1233719-1.009975.0135