UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELONTA ANTHONY, a minor, by his<br>Parent and next friend<br>CORINE ANTHONY<br>251 V Street, N.W., Apt. 13<br>Washington, D.C. 2001<br><br>        Plaintiffs<br>v.<br><br>DISTRICT OF COLUMBIA,<br>1350 Pennsylvania Ave. NW<br>Washington DC 20004<br><br>and<br><br>CLIFFORD B. JANEY<br>(in his official capacity)<br>825 North Capitol Street, N.E.<br>9th Floor<br>Washington, D.C.  20002<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. Action No. 06-192 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

## NATURE OF THE ACTION

1.      This is an action by plaintiffs Corine Anthony and Delonta Anthony (D.A.) based on Defendants' failure to meet the requirements of the Individuals With Disabilities Education Act ("IDEA") in educating D.A. over the course of over eight years.   Plaintiffs seek compensatory educational services to remedy Defendants' failure to meet the requirements of IDEA.

## PARTIES

2.      Plaintiff D.A. is a child with disabilities residing in the District of Columbia.

3.       Plaintiff Corine Anthony is the mother and custodian of D.A.  Ms. Anthony

brings this action on behalf of her son and in her own right.

4.       Defendant District of Columbia is a municipal corporation which receives monies

for use in ensuring that children with disabilities in the District of Columbia are afforded the

services to which they are entitled under IDEA.

5.       Defendant Clifford B. Janey is the Superintendent of DCPS.  He is sued in his

official capacity.

## JURISDICTION

6.       The Court has subject matter jurisdiction over this case pursuant to the Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. 1415; 42 U.S.C. 1983; 42 U.S.C. 1988; 28

U.S.C. 2201, 2202, 1331, 1334; and D.C. Mun. Reg. Tit. 5 3031.5.

## STATEMENT OF FACTS

7.       Plaintiff is a 16 year-old boy who has been diagnosed with chronic Paranoid

Schizophrenia, and who suffers from a speech and language impairment and functions

cognitively in the borderline range.

8.       Defendants failed to locate, identify, or evaluate Plaintiff as a child with a

disability until September, 2001, even though Plaintiffs should have identified him as requiring

services pursuant to IDEA by the 1997-1998 school year, at the latest, but as early as 1994-1995.

9.       Defendants did not provide an Individualized Education Program ("IEP") to D.A.

until the 2001-2002 school year.

10.     Even after 2001, Defendants failed to provide D.A. with a free appropriate public education, because the IEP's proposed for D.A. were inadequate to meet his needs and because Defendants failed to deliver the education contemplated by the IEPs.

11.     Because of Defendants' failure to comply with IDEA's requirements to identify, evaluate, and provide a free appropriate public education to students with disabilities, D.A.'s academic progress and ability to engage in healthy social interactions has suffered.

12.     D.A. is entitled to compensatory education to make up for the damage he suffered as a result of Defendants' violations.

13.     Plaintiffs requested 7200 hours of compensatory education as a remedy for Defendants' failures in providing D.A. with a free appropriate public education and introduced evidence in support of this requested remedy.

14.     Defendants presented no evidence and did not appear at the hearing on compensatory education.

15.     In a decision dated November 7, 2005, the Hearing Officer awarded compensatory education, but only for two years in the form of services at Positive Nature, a therapeutic afterschool program.

16.     The Hearing Officer's award fails to appropriately compensate and to place D.A. in the same position he would have occupied but for the school district's violation of IDEA.

17.     Subsequent to the November 7, 2005 decision, in a decision dated March 22, 2006, the Hearing Officer sua sponte issued a decision reducing the compensatory education award to 18 months at Positive Nature.

18.     The Hearing Officer lacked jurisdiction to issue the additional March, 2006 order, and the order is contrary to IDEA.  The reduced award fails to appropriately compensate and to

place D.A. in the same position he would have occupied but for the school district's violation of

IDEA, was issued without jurisdiction and without a hearing, and otherwise violates the IDEA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

    (a)      Enter judgment for the Plaintiffs and against the Defendant;

    (b)      Grant declaratory relief that defendants violated Plaintiffs' rights under applicable

            law;

    (c)      Declare that the Hearing Officer Determinations are erroneous as a matter of law;

    (d)      Order the Defendants to provide Plaintiff compensatory education commensurate

            with the denial of FAPE, including but not limited to 7200 hours of compensatory

            education;

    (e)      Award the Plaintiffs interest and costs, as well as attorneys' fees and expenses;

            and

    (g)      Provide such other and further relief as the Court deems proper.

Respectfully Submitted,

/s/ Ankur J. Goel
Ankur J. Goel, D.C. Bar #451594
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Dated: May 18, 2006

WDC99 1233834-1.009975.0135

4