UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CORINE ANTHONY,** *at al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0192 (ESH) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

On November 7, 2005, a District of Columbia Public Schools hearing officer issued a determination awarding the student plaintiff two years of compensatory education in the form of counseling and after-school tutoring, but declining to order the eight years that had been requested. (Defs.' Mot. to Dismiss Ex. 1 at 5, 8.) On February 3, 2006, plaintiffs challenged this decision by filing suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, challenging that determination. Before the Court is defendants' Motion to Dismiss, in which they contend that plaintiffs' complaint is untimely under the 30-day limitations period established for such actions in *Spiegler v. District of Columbia*, 866 F.2d 461, 462 (D.C. Cir. 1989).[1]

Congress enacted the IDEA in order to "ensure that all children with disabilities have

---

[1] In their motion, defendants also assert that dismissal is appropriate as a result of plaintiffs' failure to name the District of Columbia as a party, the original complaint having named District of Columbia Public Schools instead. (*See* Defs.' Mem. in Supp. at 4.) Plaintiffs have since filed an amended complaint, however, correctly identifying the District of Columbia as a defendant.

available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). In order to receive federal funds under the Act, school districts must adopt procedures to ensure the appropriate educational placement of disabled students and develop comprehensive plans for meeting the students' special educational needs. *See id.* §§ 1413, 1414. Parents who object to their child's "identification, evaluation, or educational placement" are entitled to an "impartial due process hearing," *id*. §§ 1415(b)(6), (f)(1), where they have a right to the assistance of counsel, the presentation of evidence, the cross-examination of witnesses, a written record and, ultimately, a written decision. *Id*. § 1415(h)(1)-(4). "Any party aggrieved by the findings and decision" of a hearing officer has "the right to bring a civil action with respect to the complaint presented . . . in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." *Id.* § 1415(i)(2)(A).

     As originally enacted, the IDEA failed to provide a limitations period for actions challenging state administrative determinations under Section 1415. *See* 866 F.2d at 462. The D.C. Circuit addressed this silence in *Spiegler v. District of Columbia*, noting that "federal courts may 'borrow' [a statute of limitations] from an analogous state cause of action . . . [w]hen Congress has not established [one] for a federal cause of action . . . , provided that the state limitations period is not inconsistent with underlying federal policies." *Id.* at 463. Two alternatives were presented to the Court: the thirty-day limitations period of D.C. Court of Appeals Rule 15(a), which governs petitions for review of agency orders, and the three-year window of D.C. Code § 12-301(8), which governs all actions "for which a limitation is not

otherwise specifically prescribed[.]" *Id.* at 464.  "In the absence of further guidance from Congress or the District of Columbia City Council," the D.C. Circuit concluded that "civil actions under the [IDEA] should be governed by the 30-day local limitations period of . . . Rule 15(a)."  *Id.*  at 469.

With the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004), Congress offered further guidance.  Under § 1415(i)(2)(B) of the amended statute, a party challenging a hearing officer's determination has "90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under th[e] subchapter, in such time as the State law allows." *Id.* § 1415(i)(2)(B).  Resolution of defendants' motion turns on the interpretation of this provision.  According to plaintiffs, "there is no explicit provision in D.C. law that specifies the time period for appealing a decision of a hearing officer under the IDEA[,]" so the ninety-day limitations period now provided by Congress controls.  (Pls.' Opp'n at 2-3.)  In response, defendants rely on *Spiegler* and argue for a thirty-day rule.  (Defs.' Rep. at 1-2.)

Defendants position must be rejected.  While D.C. Court of Appeals Rule 15(a) continues to provide that a petition for review of an agency decision or order "must be filed within 30 days after notice is given[,]" the provision is no longer of relevance.  As amended, Section 1415 allows actions challenging a hearing officer's determination to be brought "in such time as the State law allows" only where "the State has an explicit time limitation for bringing such action under th[e] subchapter" of the IDEA providing for such appeals.  20 U.S.C. § 1415(i)(2)(B); *see also P.S. v. Princeton Reg'l Sch. Bd. of Educ.*, 2006 WL 38938, *1 (D.N.J. 2006) (indicating that the ninety-day limitation period of Section 1415(i)(2)(B) superceded the Circuit's previously two-

year limit); *Farzana K., M.D. v. Indiana Dep't of Educ.*, 2005 WL 3501703, *6 n.2 (N.D. Ind. 2005) (indicating that the ninety-day limitations period of Section 1415(i)(2)(B) would be inapplicable due to the Indiana's statute of limitations "for all appeals take from the Board of Special Education[] Appeals"). Defendants have failed to identify any such explicit limitation. The ninety-day window of § 1415(i)(2)(B) therefore applies. By its own terms, *Spiegler* requires nothing else, the silence it addressed having been replaced by a clear word from Congress.

Because plaintiffs filed their complaint within ninety days of the challenged determination, their claim is not time barred. Defendants' Motion to Dismiss will therefore be DENIED.

                                                                            s/
                                         ELLEN SEGAL HUVELLE
                                         United States District Judge

Date: May 22, 2006