**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **CORINE ANTHONY, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civ. Action No. 06-192 (ESH)** |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

_____

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

(Paragraph numbers below correspond to the paragraph numbers in the amended complaint.)

1. These allegations are the pleader's characterization of the action to which no response is required. If a response is required, then the same are denied.

2. Admitted.

3. Admitted as to sentence one. Sentence two is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied.

4. Admitted.

5. Admitted as to sentence one. Sentence two is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied.

6.  Defendants admit the existence of the cited statutes and local regulations.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

7.  At this time, Defendants lack knowledge and information sufficient to answer this allegation.

8.  These allegations are the pleader's characterizations of Defendants' actions, and conclusions of law to which no response is required.  If a response is required, then the same are denied.

9.  Admitted.

10.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

11.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

12.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

13.  Admitted that Plaintiffs requested 7200 hours of compensatory education as a remedy.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

14.  Admitted.

15.  The Hearing Officer's Determination ("HOD") speaks for itself.  The allegation is the pleader's interpretation of that HOD to which no response is required.  If a response is required, then the same is denied.

16. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

17. The Hearing Officer's Determination ("HOD") speaks for itself. The allegation is the pleader's interpretation of that HOD to which no response is required. If a response is required, then the same is denied.

18. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

Defendants deny each and every allegation set forth in the complaint not specifically admitted herein.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs have failed to exhaust their administrative remedies.

Respectfully submitted.

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**June 2, 2006**