UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-192 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT STATEMENT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.3 of the Local Rules and the Court's Order of May 22, 2006, the parties hereby submit this joint statement to the Court. The parties will file a separate document containing a brief statement of the case and the statutory bases for all causes of action and defenses.

**STATEMENT OF THE CASE**

This case is an appeal from a decision of a hearing officer pursuant to the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1415. A hearing officer initially concluded that the Defendant denied the Plaintiff a Free Appropriate Public Education as required under IDEA. In a subsequent hearing, the hearing officer considered plaintiff's request for an award of compensatory education to remedy the defendant's violation of IDEA extending over a period of 8 years. Plaintiff appeals from the hearing officer's decision to award 2 years of compensatory education at a specific after-school program. Plaintiff also challenges a subsequent sua sponte order by the hearing officer reducing the award to 18

months. Plaintiff asserts that the hearing officer lacked jurisdiction to issue this additional order, that it did not comport with due process, and that it was not supported by competent evidence.

I.    **DISCOVERY PLAN**

This action is an appeal from a decision of a hearing officer under the Individuals with Disabilities Education Act. Defendant will file the administrative record by June 30, 2006. Plaintiff shall file any supplemental documents, if it believes the administrative record filed by the defendant is incomplete, by July 15, 2006. The parties do not anticipate the need for discovery.

II.    **PROPOSED SCHEDULE**

The parties propose the following schedule for filing summary judgment motions:

| August 16, 2006 | Motions for Summary Judgment |
|---|---|
| September 13, 2006 | Oppositions to Motions for Summary Judgment |
| October 4, 2006 | Reply memos to Summary Judgment Motions |

III.    **WHETHER THE CASE IS LIKELY TO BE DISPOSED OF BY DISPOSITIVE MOTION**

The parties believe that the Court will be able to decide this case on cross-motions for summary judgment.

IV.    **THE DATE BY WHICH ANY OTHER PARTIES SHALL BE JOINED OR THE PLEADINGS AMENDED AND WHETHER SOME OR ALL OF THE FACTUAL AND LEGAL ISSUES CAN BE AGREED UPON OR NARROWED**

The parties do not anticipate the joinder of any additional parties or other amendments to the pleadings, but propose June 30, 2006 as a deadline. The parties do not anticipate that any of the issues can be agreed upon or narrowed.

V.     **WHETHER THE CASE SHOULD BE ASSIGNED TO A MAGISTRATE JUDGE FOR ALL PURPOSES, INCLUDING TRIAL**

The parties do not believe that the case should be assigned to a magistrate judge and do not consent to such a transfer.

VI.    **WHETHER THERE IS A REALISTIC POSSIBILITY OF SETTLING THE CASE**

The parties intend to explore whether it may be possible to settle the case.

VII.   **WHETHER THE CASE COULD BENEFIT FROM ADR**

The parties do not believe that the case could benefit from ADR.

VIII.  **WHETHER THE CASE CAN BE RESOLVED BY SUMMARY JUDGMENT**

The parties suggest that the case can be resolved by summary judgment and propose the briefing schedule set forth above.

IX.    **WHETHER THE PARTIES SHOULD DISPENSE WITH THE INITIAL DISCLOSURES REQUIRED BY RULE 26(A)(1)**

The parties agree that the initial disclosures should be dispensed with.

X.     **DISCOVERY AND PROTECTIVE ORDER**

As indicated above, the parties do not anticipate the need for discovery.

Due to the sensitive medical nature of the issues presented in this case, the parties agree that the administrative record should be filed under seal, and should be subject to a protective order. In addition, Plaintiff respectfully requests that summary judgment documents be filed under seal in order to protect sensitive medical and educational information about the plaintiff.

XIII.  **EXPERT REPORTS**

The parties do not anticipate expert reports.

XIV.   **OTHER MATTERS**

The matters covered by local rule 16.3(c)(10-11) do not apply to this matter.  Although the parties believe the matter is likely to be resolved on motions for summary judgment, the parties request that the pretrial conference be scheduled for January 31, 2007.

Plaintiff requests that the Court set a firm trial date at the first scheduling conference. Defendant believes the trial date should be set at the pretrial conference.

Respectfully submitted,


_____/s/_____                    _____/s/_____
Ankur J. Goel (#451594)                        Veronica Porter (#412273)
McDermott Will & Emery                         Office of the Attorney General
600 13th St. NW                                441 4th St. NW Sixth Floor South
Washington DC 20005                            Washington, D.C. 20001
(202) 756-8234                                 (202) 724-6651

Attorney for Plaintiff                         Attorney for Defendant


Dated: June 22, 2006

WDC99 1247587-2.009975.0135