UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS, et al.,** : | |
| Defendants : | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, through counsel, respectfully move this Court to grant summary judgment in their favor in the above-captioned case. As established by the administrative record, the accompanying supporting memorandum, and the statement of material facts as to which there is no genuine dispute, the challenged administrative determinations under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 et seq., were entirely appropriate.

                                                Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General for the District
                                                 of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

                                                */s/ Edward P. Taptich*_____
                                                EDWARD P. TAPTICH (012914)
                                                Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**August 16, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| **Plaintiffs,** : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS, et al.,** : | |
| **Defendants** : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION AND BACKGROUND**

On March 25, 2005, Plaintiffs submitted a request for a due process hearing. *Administrative Record ("AR") filed herein June 30, 2006, pp. 2-7.* Plaintiffs submitted an amended hearing request on April 25, 2005, seeking placement of the student at the High Road School, funding by the District of Columbia Public School ("DCPS") of an independent clinical psychological evaluation and an independent speech/language evaluation, development of an appropriate individualized education plan ("IEP") for the student, and compensatory education, *AR, pp. 9, 7.*

A due process hearing was held on May 2, 2005. In a Hearing Officer's Determination ("HOD") issued May 4, 2005, the hearing officer found that DCPS had denied the student a free appropriate public education ("FAPE") because his IEP and educational placement were inappropriate. The hearing officer ordered DCPS to place and fund the student at the High Road School. The parties were ordered to submit legal

3

memoranda on the issue of compensatory education. *AR, p. 37.*

In an Interim Order issued May 19, 2005, the hearing officer said he did not have in the record "a sufficient current assessment of the student's individual needs to make the fact specific determination of compensatory education." *AR, p. 42.* He ordered the case continued for 90 days to give High Road the opportunity to develop this fact specific information. *Id.*

A hearing was held on October 26, 2005 to determine the amount of compensatory education due the student. Applying the two year statute of limitations found in the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), the hearing officer awarded the student two years of compensatory education from March 25, 2003—two years prior to Plaintiff's filing of the hearing request—to May 10, 2005, the date the hearing officer placed the student at the High Road School. *AR, p. 48.* This HOD was issued on November 4, 2005.

In his HOD, the hearing officer noted that he was troubled by the student's unexcused absences from school, and said the amount of compensatory education awarded may be modified if the absences continued. In that vein, the hearing officer requested that Plaintiffs submit the student's second quarter progress report, including his attendance record. *AR, p. 50.*

Months later, the hearing officer received a copy of the student's records for the first and second quarters of the 2005-2006 school year. In the first quarter the student was absent eleven of the 42 school days. In the second quarter the student was absent 12 of the 44 school days. Teacher comments on his report card in each class said he had a "poor/infrequent" attendance record. *AR, p. 54.*

In an Order issued March 22, 2006, the hearing officer reduced the award of compensatory education by six months—from two years to one year and six months—because of the student's poor attendance record. *Id.*

Plaintiffs filed an amended complaint on May 18, 2006, appealing the November 7, 2005 HOD and the March 22, 2006 Order. Plaintiffs seek 7200 hours of compensatory education.

## ARGUMENT

I. **The Standards of Review Applicable in This Case**

    A. **The requirements for summary judgment**

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir. 1994). Although a court should draw all reasonable inferences from the records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine, the issue must be supported by sufficiently admissible evidence such that a reasonable trier of fact could find for the nonmoving party; to be material, the factual assertion must be capable of affecting the substantive outcome of the litigation. See id.; see also Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C.Cir. 1987).

In cases such as this, the Individuals with Disabilities Education Improvement Act 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), dictates that "the court shall receive the records of the administrative proceedings; shall hear additional evidence at the request of a party;

5

and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B). When (as here) neither party has requested the court to hear additional evidence, the "motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." Heather S. v. Wisconsin, 125 F.3d 1045, 1052 (7th Cir. 1997).

### B. The criteria for review of administrative decisions under IDEA

IDEIA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C. §1415(i)(2)(A). In conducting such review, the "preponderance of the evidence" standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review." Board of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982). Stated differently, the court should not "reverse the hearing officer's findings simply because [the court] disagree[s] with them." Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ., 2001 U.S.Dist.LEXIS 6994, *12 (N.D.Ill. March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect. Angevine v. Smith, 292 U.S.App.D.C. 346, 959 F.2d 292, 295 (1992); Kerkam v. McKenzie, 274 U.S.App.D.C. 139, 862 F.2d 884, 887 (1988); Lyons v. Smith, 829 F.Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons

6

v. Smith, supra, 829 F.Supp. at 418. As recently expressed in S.H. v. State-Operated School Dist. of the City of Newark, 336 F.3d 260, 269-271 (3d Cir. 2003), a district court reviewing an HOD is "required to defer to the ALJ's factual findings unless it can point to contrary non-testimonial extrinsic evidence on the record". This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. Rowley, supra, 458 U.S. at 207-08.

Accordingly, before this Court may reverse the hearing officer's decision at issue, the Plaintiffs must show by a "preponderance of the evidence," giving the hearing officer's finding "due weight," that the hearing officer was wrong.

## II. The Hearing Officer's Determination is fully supported by the Administrative Record and should be upheld.

### A. The Hearing Officer correctly applied the two year statute of limitations.

Prior to 2004, the Individuals with Disabilities Education Act did not contain a statute of limitations for alleged violations or for appealing a Hearing Officer's Determination. Thus, courts were permitted to "borrow" a statute of limitations from an analogous cause of action. "When there is no statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." Spiegler v. Dist. of Columbia, 866 F.2d 461, 463-64 (D.C.Cir. 1989). However, IDEA is no longer silent on the statute of limitations issue.

The IDEIA applies a two year statute of limitations for alleged violations, unless a state has an explicit time limitation for bringing an IDEIA complaint. 20 U.S.C. §1415(b)(6)(B) provides:

An opportunity for any party to present a complaint--

7

which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for presenting such a complaint under this subchapter, in such time as the State law allows, except that the exceptions to the timeline described in subsection (f)(3)(D) of this section shall apply to the timeline described in this subparagraph.

The District of Columbia does have a catch-all three year statute of limitations that local courts have relied upon in the past—D.C. Code §12-301(8). However, this three year statute of limitations is not explicitly designated for presenting IDEIA claims. Therefore, the two year statute of limitations in IDEIA 2004 is applicable in this case. Accordingly, the hearing officer's utilization of the two year statute of limitations must be upheld.

    B.  **The Hearing Officer's decision to bar claims before March 25, 2003—two years before the filing of the due process complaint—was legally correct.**

In Plaintiffs' March 25, 2005 administrative due process hearing request, Plaintiffs allege that Defendants are currently denying the student FAPE, and have been doing so for the past three years. *AR, p. 5*. In support of this allegation, Plaintiffs focus on the IEPs developed for the student from 2001-2004, which Plaintiffs claim provided inadequate services and/or were not fully implemented. *AR, pp. 5-6*. In addition, Plaintiffs argued that Defendants should have identified the student as a child in need of special education services prior to 2001, pursuant to the Child Find requirements. *Id.* For those reasons—inadequate IEPs from 2001-2004 and violation of Child Find requirements—Plaintiffs argue that Defendants denied FAPE for eight years.

The student's initial IEP was developed on September 19, 2001, for the 2001-2002 school year. The student was classified as speech/language impaired, and was to receive speech therapy and personalized instruction. *AR, p. 93*. The student's mother

8

signed the IEP, indicating she agreed with the contents of the IEP. *Id.*

The IEP team met for a second time on May 15, 2002 and developed an IEP for the 2002-2003 school year. The student's classification remained the same, and he continued to receive speech therapy and personalized instruction, although more hours were allotted. The students' mother signed the IEP, indicating an agreement with the contents of the IEP. *AR, p. 106.*

The IEP team met again in October, 2002, to address the student's social and emotional issues. The May 15, 2002 IEP was revised to include psychological counseling, and an increased amount of specialized instruction. The student's mother was present and agreed with the revised IEP. *AR, pp. 120-127*.

The student's fourth IEP was developed on October 3, 2003 for the 2003-2004 school year. At that time the student's classification was changed to emotionally disturbed. The student was to continue to receive specialized instruction, speech and language therapy and psychological counseling. His mother signed the IEP, indicating she agreed with the contents of the IEP. *AR, p. 128.*

The student's most recent IEP was developed on November 18, 2004 for the 2004-2005 school year. During the meeting, the team decided that the student's evaluations needed to be updated before his placement level could be determined. *AR, p. 149.* The student's mother gave permission for him to be re-evaluated. *AR, p. 152.* The student's mother did not sign the IEP.

From 2001-2003, the student's mother met with the IEP team and participated in the development of the IEP. She agreed with each IEP through the end of the 2003-2004 school year. Defendants did not become aware of Plaintiffs' dissatisfaction with the

9

student's educational program until November 18, 2004, when the mother did not sign the IEP for the first time. Up until that moment, Defendants believed that the student's mother and DCPS were in accord on the student's educational program. Defendants believed that FAPE had been provided, and had no reason to suspect that the student's mother believed otherwise. Defendants were not made fully aware of Plaintiffs' position until the request for a hearing was filed on March 25, 2005.

20 U.S.C. §1415(b)(6)(B) provides that a party may present a complaint:

> which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency **knew or should have known about the alleged action that forms the basis of the complaint.**

Plaintiffs' March 25, 2005 hearing request alleges a denial of FAPE specifically "for the past three years" and generally "prior to 2001" because of Child Find requirements. *AR, p. 5-6.* Plaintiffs' April 25, 2005 amended hearing request suggests violations dating back to 1997. *AR, p. 9.*

Defendants submit that Plaintiffs' filing of a complaint in March 2005 alleging a denial of FAPE **since 1997** is disingenuous at best, particularly since the student's mother signed and agreed to each IEP through the end of the 2003-2004 school year. Plaintiffs' agreement with the IEPs makes it unlikely that DCPS "knew or should have known" about allegations preceding the start of the 2004-2005 school year. Indeed, Defendants were not fully apprised of Plaintiffs' position and the alleged violations until March 25, 2005, when the hearing request was filed.

In determining the applicability of the two year statute of limitations, the hearing officer cited the legislative history to IDEIA 2004:

> The Act currently has no statute of limitations and leaves local educational agencies open to litigation for the entire length of time a child is in school,

10

whether or not the child has been identified as a child with a disability.  Local educational agencies are often surprised by claims from parents involving issues that occurred in an elementary school program when the child may currently be a high school student.  Such an unreasonably long threat of litigation hanging over a local educational agency forces them to document every step they take with every child, even if the parents agree with the action, because they could later change their mind and sue.

*AR, p. 48.*

Since Plaintiffs agreed with each IEP through the school year ending in 2004, Defendants did not know, nor should they have known, about any allegations of a denial of FAPE until March 25, 2005, when the hearing request was filed.  Therefore, the hearing officer could only consider those violations that occurred two years prior to March 25, 2005.  Accordingly, the hearing officer's decision to bar claims prior to March 25, 2003 was legally sufficiently, and must be upheld.

### III. **Plaintiffs'appeal of the hearing officer's decision to reduce the amount of the compensatory education is untimely.**

In the November 4, 2005 HOD, the hearing officer stated that he was "troubled by the pattern of unexcused absences of the student," and warned that the award of compensatory education could be modified if the student continued to have unexcused absences.  *AR, p. 50.*  In addition, the hearing officer made it clear that he intended to monitor the student's behavior because he requested that High Road provide a copy of the student's progress report and his attendance record.  *Id.*  Indeed, the hearing officer *ordered* High Road to "send a copy of the student's second quarter progress report including the student's attendance record."  *Id.*  It is obvious from the hearing officer's wording that he retained jurisdiction over the compensatory education issue and intended to modify the amount of the award if the student did not change his behavior.

Plaintiffs did not appeal the hearing officer's authority to retain jurisdiction over

11

the compensatory education issue within 90 days—by February 2, 2006. Accordingly, no proper objection may now be entertained concerning the hearing officer's authority to retain jurisdiction over amount of compensatory education awarded.

## **CONCLUSION**

The Individuals with Disabilities Education Improvement Act of 2004 imposed—for the first time—a two year statute of limitations for alleged violations. Since the District of Columbia does not have a statute of limitation that is specifically applicable to IDEIA claims, the hearing officer's usage of IDEIA 2004's two year statute of limitations was legally correct.

20 U.S.C. §1415(b)(6)(B) permits a party to bring a complaint setting forth an alleged violation not more that two years before the date the agency knew or should have know about the alleged action that forms the basis of the complaint. Since Plaintiffs never disagreed with the student's IEPs through the school year ending in 2004, Defendants did not know, nor should they have known, about any alleged violation until Plaintiffs filed their due process complaint on March 25, 2005.   Therefore, the hearing officer correctly barred claims that occurred prior to March 25, 2003.

Plaintiffs' appeal of the hearing officer's authority to retain jurisdiction over the compensatory education issue was untimely.

Accordingly, the Hearing Officer's Determinations must be upheld, and Plaintiffs' amended complaint must be dismissed.

       Respectfully submitted,

       ROBERT J. SPAGNOLETTI
       Attorney General for the District
         of Columbia

       GEORGE C. VALENTINE
       Deputy Attorney General
       Civil Litigation Division

       /s/ *Edward P. Taptich*_____
       EDWARD P. TAPTICH (012914)
       Chief, Equity Section 2

       /s/ *Veronica A. Porter*_____
       VERONICA A. PORTER (412273)
       Assistant Attorney General
       441 4th St., N.W., Sixth Floor South
       Washington, D.C. 20001
       (202) 724-6651

**August 16, 2006**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| : | |
| **DISTRICT OF COLUMBIA PUBLIC** : | |
| **SCHOOLS, et al.,** : | |
| : | |
| **Defendants** : | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

1. The student is a 17 year old resident of the District of Columbia, eligible for special education services. *Administrative Record("AR") filed herein June 30, 2006, pp. 2, 35.*

2. On March 25, 2005 Plaintiffs submitted a request for a due process hearing. *AR, pp. 2-7.*

3. Subsequently, Plaintiffs submitted an Amended hearing request on April 25, 2005, seeking placement at the High Road School, funding by the District of Columbia Public Schools ("DCPS") of an independent clinical psychological evaluation and an independent speech/language evaluation, development of an appropriate individualized education plan ("IEP") and compensatory education. *AR, pp. 9, 7.*

4. A due process hearing was held on May 2, 2005 and the Hearing Officer's Determination ("HOD") issued May 4, 2005. The HOD found that DCPS had denied the student a free appropriate public education ("FAPE") because his IEP and educational

placement were inappropriate. *AR, p. 37.*

5. The hearing officer ordered DCPS to place and fund the student at High Road School. *Id.*

6. The parties were ordered to submit legal memoranda on the issue of compensatory education. *Id.*

7. In an Interim Order issued May 19, 2005, the hearing officer said he did not have in the record "a sufficient current assessment of the student's individual needs to make the fact specific determination of compensatory education." *AR, p. 42.*

8. The hearing officer ordered the case continued for 90 days to give High Road the opportunity to develop the fact specific information. *Id.*

9. A hearing was held on October 26, 2005 to determine the amount of compensatory education the student was due. *AR, p. 48.*

10. In an HOD issued November 4, 2005, the hearing officer awarded the student two years of compensatory education for FAPE that was denied from March 25, 2003 to May 10, 2005. *Id.*

11. The hearing officer noted that the student had numerous unexcused absences from school, and said the amount of compensatory education awarded would be modified should the absences continue. *AR, p. 50.*

12. The hearing officer received a copy of the student's records from his first and second quarters at High Road. In the first quarter the student was absent eleven out of the 42 school days. In the second quarter the student was absent 12 out of the 44 school days. Teacher comments on his report card in each class said he had a "poor/infrequent" attendance record. *AR, p. 54.*

13. In an Order issued March 22, 2006, the hearing officer reduced the award of compensatory education by six months because of the student's poor attendance record. *AR, p. 54.*

                                                      Respectfully submitted,

                                                      ROBERT J. SPAGNOLETTI
                                                      Attorney General for the District
                                                        of Columbia

                                                      GEORGE C. VALENTINE
                                                      Deputy Attorney General
                                                      Civil Litigation Division

                                                      */s/ Edward P. Taptich*_____
                                                      EDWARD P. TAPTICH (012914)
                                                      Chief, Equity Section 2

                                                     /s/ *Veronica A. Porter*_____
                                                     VERONICA A. PORTER (412273)
                                                     Assistant Attorney General
                                                     441 4th St., N.W., Sixth Floor South
                                                     Washington, D.C. 20001
                                                     (202) 724-6651

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Civ. Action No. 06-192 (ESH) |
| : | |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

Upon consideration of Defendants' Motion for Summary Judgment, the response to that motion by Plaintiffs and the record in this proceeding, it is, this _____ day of _____, 2006,

**ORDERED** that Defendants' motion is GRANTED; and it is

**FURTHER ORDERED**, That Plaintiffs' complaint herein is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE