UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CORINE ANTHONY, et al.,              :
                                     :
            Plaintiffs,              :
                                     :
      v.                             :   **Civ. Action No. 06-192 (ESH)**
                                     :
DISTRICT OF COLUMBIA, et al.,        :
                                     :
            Defendants               :
_____:

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's LCvR 7.1(h), Defendants, by counsel, hereby oppose Plaintiffs' "Motion for Summary Judgment" (hereinafter "Motion") filed herein August 16, 2006.

## INTRODUCTION AND BACKGROUND

On March 25, 2005, Plaintiffs submitted a request for a due process hearing. *Administrative Record ("AR") filed herein June 30, 2006, pp. 2-7.* Plaintiffs submitted an amended hearing request on April 25, 2005, seeking placement of the student at the High Road School, funding by the District of Columbia Public School ("DCPS") of an independent clinical psychological evaluation and an independent speech/language evaluation, development of an appropriate individualized education plan ("IEP") for the student, and compensatory education, *AR, pp. 9, 7.*

A due process hearing was held on May 2, 2005. In a Hearing Officer's Determination ("HOD") issued May 4, 2005, the hearing officer found that DCPS had denied the student a free appropriate public education ("FAPE") because his IEP and

educational placement were inappropriate.  The hearing officer ordered DCPS to place and fund the student at the High Road School.  The parties were ordered to submit legal memoranda on the issue of compensatory education.  *AR, p. 37.*

In an Interim Order issued May 19, 2005, the hearing officer said he did not have in the record "a sufficient current assessment of the student's individual needs to make the fact specific determination of compensatory education."  *AR, p. 42.*  He ordered the case continued for 90 days to give High Road the opportunity to develop this fact specific information. *Id.*

A hearing was held on October 26, 2005 to determine the amount of compensatory education due the student.   Applying the two year statute of limitations found in the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), the hearing officer awarded the student two years of compensatory education from March 25, 2003— two years prior to Plaintiff's filing of the hearing request—to May 10, 2005, the date the hearing officer placed the student at the High Road School.  *AR, p. 48.*  This HOD was issued on November 4, 2005.

In his HOD, the hearing officer noted that he was troubled by the student's unexcused absences from school, and said the amount of compensatory education awarded may be modified if the absences continued.  In that vein, the hearing officer requested that Plaintiffs submit the student's second quarter progress report, including his attendance record.  *AR, p. 50.*

Months later, the hearing officer received a copy of the student's records for the first and second quarters of the 2005-2006 school year.  In the first quarter the student was absent eleven of the 42 school days.  In the second quarter the student was absent 12 of the 44

school days.  Teacher comments on his report card in each class said he had a

"poor/infrequent" attendance record.  *AR, p. 54.*

 In an Order issued March 22, 2006, the hearing officer reduced the award of

compensatory education by six months—from two years to one year and six months—

because of the student's poor attendance record.  *Id.*

 Plaintiffs filed their Motion on August 16, 2006, asserting that (1) the hearing officer

erred in applying a statute of limitations because DCPS did not raise the issue as a defense in

the administrative proceedings; (2) the hearing officer incorrectly applied the two year

statute of limitations found in IDEIA because it did not become law until July 1, 2005; and

(3) the hearing officer did not have the authority to reduce the amount of compensatory

education awarded.

## ARGUMENT

### I.  Fed. R. Civ. P. 8(c) does not apply in this case.

 Plaintiffs argue that the hearing officer erred in invoking a statute of limitations

because Defendants did not first raise the statute of limitations as an affirmative defense

at the administrative proceeding.  Plaintiffs rely on Fed. R. Civ. P. 8(c), which includes

the statute of limitations as an affirmative defense, and Harris v. Secretary, Department of

Veterans Affairs, 126 F.3d. 339, 343 (D.C. Cir. 1977), which states that "the statute of

limitation is an affirmative defense that is waived if not raised in the answer."  Fed R.

Civ. P. 8(c) is inapplicable in this case.

 Fed. R. Civ. P. 8, entitled "General Rules of Pleading," applies to complaints and

answers filed in federal court.  A party's complaint *filed in a federal court* must state the

court's jurisdictional grounds, must include a statement showing the party is entitled to

relief, and must demand the relief sought.  *Fed. R. Civ. P. 8(a).*  A party's answer *filed in a federal court* must "admit or deny the averments upon which the adverse party relies," and must state the party's defenses.  *Fed. R. Civ. P. 8(b).*  Fed. R. Civ. P. 8 is inapplicable to *administrative proceedings*, and in the *administrative* proceeding at issue here, DCPS was not required to file an "answer" to a parent/guardian's request for a due process hearing filed pursuant to IDEIA.

Under IDEIA, after receiving a request for due process hearing, DCPS need only disclose evaluations, and recommendations based on the evaluations, that it intends to use at the hearing.  *20 U.S.C. §1415(f)(2)(A).*  The agency is not required to file an "answer" to a request for a due process hearing.  Therefore, Fed. R. Civ. P. 8(c) is not applicable, and the hearing officer did not err in applying a statute of limitations.

## II.  Applying a two year Statute of Limitations is appropriate in this case.

In the May 4, 2005 HOD, the hearing officer found that the student's then-current IEP for the 2004-2005 school year—IEP dated November 18, 2004—and his placement at Francis J.H.S. were inappropriate.  *AR, p. 36.*  For those reasons, the hearing officer found that DCPS had denied the student FAPE.  The hearing officer ordered DCPS to place and fund the student at the High Road School.  The parties were ordered to submit legal memoranda to determine the amount of compensatory education due the student.  *AR, p. 37.*

The parties submitted the memoranda as ordered.  However, in an Interim Order issued May 19, 2005, the hearing officer said he did not have in the record "a sufficient current assessment of the student's individual needs to make the fact specific determination

4

of compensatory education." *AR, p. 42.* He ordered the case continued for 90 days to give High Road the opportunity to develop this fact specific information. *Id.*

The IDEIA, which imposed a two year statute of limitations on compensatory education claims for the first time, became effective July 1, 2005.

On October 26, 2005, a hearing was held to determine the amount of compensatory education due the student. The hearing officer found that the October 10, 2003 IEP developed for the 2003-2004 school year and the student's placement were inappropriate, and found a denial of FAPE for that school year. *AR, pp. 46-47.* This finding was in addition to the hearing officer's conclusion in the May 4, 2005 HOD, that DCPS denied FAPE for the 2004-2005 school year.

During the hearing, the hearing officer took evidence to determine the student's current academic and social performance since attending High Road. The hearing officer learned that the student had made progress in math, reading and social emotional skills since attending High Road, but required individual tutoring and counseling. *AR, pp. 49-50.* Utilizing IDEIA's two year limitations period, the hearing officer awarded the student two years of compensatory education.

Plaintiffs argue that since the hearing request was filed on March 25, 2005, the hearing on the merits was held on May 2, 2005, and the parties filed briefs on the compensatory education issue on May 9, 2005, the hearing officer erred in applying the IDEIA limitations period which did not become law until July 1, 2005—after these events took place. However, the hearing officer did not determine the amount of compensatory education until the October, 2005 hearing—three months *after* IDEIA's limitations period became law. Indeed, some of the evidence the hearing officer

considered in determining the amount of compensatory education—High Road's document describing the student's current levels of academic performance—did not become available until the fall, 2005. *AR, p. 49.*

Reid v. District of Columbia, 401 F.3d. 516 (C.A.D.C. 2005), dictates that rather that use an hour by hour cookie-cutter approach to determine compensatory education, one must make a fact-specific inquiry and focus on a student's individualized assessments.[1]  The hearing officer did just that in scheduling a separate hearing solely to determine the student's then-current educational levels.  Therefore, the hearing officer rightfully delayed determining the compensatory education issue until after High Road had an opportunity to assess the student's capabilities, which happened to occur after the IDEIA became law.  Accordingly, the hearing officer's decision to utilize the IDEIA two year limitations period must be upheld.

### III.  The hearing officer had the authority to reduce the compensatory education award.

"When a school district deprives a disabled child of FAPE in violation of IDEA, a court fashioning appropriate relief under 20 U.S.C. § 1415(i)(2)(C)(iii) may order compensatory education, i.e., replacement of educational services the child should have received in the first place."   Lesesne v. District of Columbia, 447 F.3d 828, 833 (D.C. Cir. 2006).   A hearing officer has the authority to award compensatory education.  Diatta v. District of Columbia, 319 F.Supp.2d 57, 65 (D.D.C. 2004).

In this case, the hearing officer applied the two year statute of limitations found in IDEIA, and awarded the student two years of compensatory education.  In his November

---

[1]   Plaintiffs used a "cookie cutter" approach rejected by Reid in determining that the student deserves 7200 hours of compensatory education—180 school days per year, times 5 hours of classes per day, times 8 years that FAPE was allegedly denied. *AR, pp. 351-152.*

4, 2005, HOD that awarded the compensatory education, the hearing officer noted that he was troubled by the student's unexcused absences from school, and said the amount of compensatory education awarded may be modified if the absences continued. Months later, after reviewing the student's attendance records for the first and second quarters at High Road, the hearing officer reduced the amount of the compensatory education awarded from two years to eighteen months.

Plaintiffs argue that the hearing officer did not have authority to reduce the award because neither party initiated new proceedings before the hearing officer. *Motion, p. 15.* However, 20 U.S.C. §1415(i)(1)(A) provides that a hearing award is final unless modified through administrative appeal or *judicial action.*" Since IDEIA gives District Court judges the authority to award compensatory education as an equitable remedy for a violation of FAPE, and this Court has recognized a hearing officer's authority to exercise a similar power, the hearing officer in this case had the authority to modify his award of compensatory education.

Moreover, in setting the award, equity may sometimes require consideration of the parties' conduct. Reid v. District of Columbia, 401 F.3d 516, 524 (D.C. Cir. 2005). After reviewing the student's attendance records and noting that the student, through his own actions, was not taking advantage of the educational services that were being provided for him, the hearing officer believed equity necessitated a reduction of the award amount.

Accordingly, the hearing officer's decision to reduce the amount of the compensatory education awarded must be upheld.

## CONCLUSION

Fed. R. Civ. P. 8(c) is inapplicable in this case because that rule concerns complaints and answers filed in federal court. In administrative hearings filed pursuant to IDEIA, an agency is not required to file an answer to a hearing request.

However, IDEIA's two year limitations period is applicable in this case because it was in effective *prior* to the hearing officer's award of compensatory education. Finally, the hearing officer had the authority to reduce the amount of compensatory education awarded because IDEIA gives him the authority to modify the award.

Accordingly, the May 4, 2005, and November 4, 2005, HODs must be upheld, and Plaintiffs motion for summary judgment must be denied.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/  *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**September 13, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CORINE ANTHONY, et al.,                    :
                                           :
        Plaintiffs,                        :
                                           :
        v.                                 :    Civ. Action No. 06-192 (ESH)
                                           :
DISTRICT OF COLUMBIA, et al.,              :
                                           :
        Defendants                         :
_____:

## DEFENDANTS' STATEMENT OF MATERIAL FACTS IDENTIFIED BY THE PLAINTIFFS AS TO WHICH THERE IS A GENUINE ISSUE

(Paragraph numbers correspond to the paragraph numbers in Plaintiffs' "Statement of Material Facts Not in Dispute.")

8 and 9.  Defendants dispute that DCPS *should have* identified the student's developmental language difficulty as early as kindergarten and *should have* identified and evaluated the student when he was in second grade.  These statements are legal conclusion of Plaintiffs' witness Dr. Iseman.  The Hearing Officer accepted Dr. Iseman as an expert in special education.  As such, she is qualified to interpret various educational testing results.  Her qualifications do not extent to drawing legal conclusions.  Therefore, paragraphs 8 and 9—Dr. Iseman's *expert opinion*—are legal conclusions, not facts, which are to be determined by this Court.

15.  Defendants dispute that the student has a "severe language disorder."  The speech-language evaluation referred to in this paragraph actually states that the student "presents with receptive vocabulary skills that are within normal limits, but with significant deficits in expressive vocabulary."  *AR, p. 82.*

16.  This statement is not a "fact," but a legal conclusion, which the Court must determine.  Defendants dispute this assertion.

17.  The Court may read the September 19, 2001 IEP *(AR, pp. 93-105)*, to see what services were provided.  Defendants object to the use of the term "inadequate" in describing the IEP, and note that the student's guardian participated in the development of the IEP, agreed to its contents, and signed the document acknowledging the same.  *AR, p. 93.*

18. The Court may read the May 15, 2002 IEP *(AR, pp.106-117)*, to see what services were provided.  Defendants object to the use of the term "inadequate" in describing the IEP, and note that the student's guardian participated in the development of the IEP, agreed to its contents, and signed the document acknowledging the same.  *AR, p. 106.*

19.  The Court may read the October 2, 2002 IEP Meeting Notes *(AR, pp.120-127)*, to see what services were provided.  Defendants object to the use of the term "inadequate" in describing the IEP.  The student's classification was changed from speech impaired to emotionally disturbed at the suggestion of Dr. Wilder, a clinical psychologist.  *AR, p. 121.*  Defendants note that the student's guardian participated in the IEP meeting, and did not express any objection to the team's decision to change his classification.  *AR, p. 120 – 127.*

20 – 24.  Defendants do not dispute that the November 4, 2005 HOD made the "findings of fact" asserted by Plaintiffs in paragraphs 20 – 24.  *AR, pp. 45-46.*

25.  Defendants dispute that the student's placement at Francis J.H.S. was inappropriate because of a lack of services available and an inability to cope with the

student's fears and insecurities. Defendants also dispute that sentence 3 of this paragraph is found in the May 4, 2005 HOD, Findings of Fact #4 as Plaintiffs claim. Defendants do not dispute that Dr. Iseman testified at the hearing that the student's teachers did not believe Francis J.H.S. was an appropriate placement for him. *AR, 344-347.*

33. Defendants dispute that the student "needs" 7200 hours of compensatory education to remedy the violations from the period 1996-1997 to May 10, 2005. The Hearing Officer found that the student is only entitled to two years of compensatory education. *AR, 47-50.*

Respectfully submitted.

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/  *Veronica A. Porter*_____
 VERONICA A. PORTER (412273)
 Assistant Attorney General
 441 4th St., N.W., Sixth Floor South
 Washington, D.C. 20001
 (202) 724-6651

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **CORINE ANTHONY, et al.,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | :   **Civ. Action No. 06-192 (ESH)** |
| | : |
| **DISTRICT OF COLUMBIA, et al.,** | : |
| | : |
| **Defendants** | : |

_____:

### <u>ORDER</u>

Upon consideration of the parties' motions for summary judgment, oppositions thereto and replies, it is this _____ day of _____, 2006

**ORDERED**, that Defendants' Motion for Summary Judgment is GRANTED; it is

**FURTHER ORDERED**, that Plaintiffs' Motion for Summary Judgment is DENIED; it is

**FURTHER ORDERED**, that the case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

12