UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY, et al.

      Plaintiffs

v.

DISTRICT OF COLUMBIA, et al.
      Defendants.

Civ. Action No. 06-192 (ESH)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants' sole argument for their summary judgment motion is based on the statute of limitations. However, defendants waived the statute of limitations argument, and in any event have failed to meet their burden of establishing the defense.

**ARGUMENT**

Although DCPS did not raise a statute of limitations defense, the Hearing Officer, on his own initiative, limited his decision based on an asserted two year limitations period. HOD 11/4/05, AR 47-48. The Hearing Officer should not have injected the statute of limitations issue when defendants did not raise it and have thereby waived the defense. Moreover, the Hearing Officer incorrectly applied the wrong statute of limitations, defendants have not explained when the claims at issue accrued, and defendants have not met their burden of establishing the facts supporting their affirmative defense. For all of these reasons, defendants' motion for summary judgment should be denied.

    I.    **The Statute of Limitations is an Affirmative Defense that DC has Waived**

It is well-established that the statute of limitations is an affirmative defense that is waived if not raised in the answer. Fed. R. Civ. P. 8(c); *Harris v. Secretary, Department of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997); *Kroot v. District of Columbia*, 800 F. Supp. 976 (D.D.C. 1992) (in a case arising under IDEA, defendants waived the statute of limitations defense by failing to raise it in the answer).

Here, DC waived any affirmative statute of limitations defense in the administrative hearings below, and the Hearing Officer should not have limited the case on the basis of an unasserted affirmative defense. In response to plaintiffs' hearing request, DCPS never advised plaintiffs that it was asserting a statute of limitations defense. At the original hearing in May 2005, AR 243, D.C. presented argument but no evidence, and never mentioned a statute of limitations defense. At the very end of the hearing – *after* evidence had been presented – the Hearing Officer invited the parties to submit memoranda on whether a three year statute of limitations applied, as well as the appropriate compensatory education award. AR 370-371.

DCPS declined the Hearing Officer's invitation to raise a statute of limitations defense at that time. Though it filed a response on May 9, 2005, it asserted only that the requested award was inappropriate under the circumstances and applicable legal standards governing compensatory awards. DCPS did not assert, and therefore waived, a statute of limitations defense. Memo from D.C. to Hearing Officer 5/9/05, AR 13-15.

Subsequently, on October 26, 2005, an additional hearing was held on the compensatory education request. AR 373. DCPS did not appear at the hearing, and thus did not and could not have raised a statute of limitations defense, whether by argument or otherwise. AR 376. Testimony at the hearing focused on the need for and appropriateness of the compensatory education request. The Hearing Officer's subsequent decision applied a statute of limitations

WDC99 1281763-1.009975.0135

even though DC had never raised it, and even though plaintiff had no reason to introduce evidence or make argument regarding it. This was improper, and the Court should reject that aspect of the Hearing Officer's decision.

In addition, DCPS has not asserted a statute of limitations defense in its answer to the complaint in this litigation. Accordingly, there is no statute of limitations defense that is properly before the Court, defendants have introduced no evidence in support of the defense, and the Court should order compensatory education for the full period of the violations, and in the amount supported by the unrebutted expert witness testimony.

## II. The Statute of Limitations the Hearing Officer Applied Was Not Even In Effect, and the Hearing Officer Failed to Consider When the Claims Accrued

Although no statute of limitations defense is properly before the Court, it is worth noting that the Hearing Officer asserted that he was applying the statute of limitations added to the IDEA as part of the IDEA Improvement Act of 2004. AR 47-50. However, neither the Hearing Officer nor DCPS has accounted for the fact that the amendment did not apply to this action, because the Act was effective July 1, 2005. Sec. 302, Pub. L. 108-446, 118 Stat. 264, codified at 20 U.S.C. § 1400 note. The Hearing Request in this matter was filed March 25, 2005, before the amendment's effective date (AR 2-7); the hearing on the merits took place May 2, 2005 (AR 243-371), before the amendment's effective date; and the Hearing Officer invited the parties to brief the statute of limitations issue on May 4, 2005 (AR 370-371), before the amendment's effective date. Each of these events – as well as the conduct at issue – took place prior to the amendment's effective date of July 1, 2005.

Nothing in the IDEA Improvement Act suggests that Congress intended it to apply retroactively to cases filed prior to the effective date of the Act. Absent such an indication of Congressional intent, the Act does not apply retroactively. At least one other court has

concluded that the IDEA's new statute of limitations does not apply to cases filed before the effective date. *See, e.g., R.G. v. Glen Ridge Bd. of Educ.*, 2005 U.S. Dist. LEXIS 30606, *12 (D.N.J. Dec. 2, 2005). *See also Landsgraf v. USI Film Prods.*, 511 U.S. 244, 264, 280 (1994) (newly enacted federal statutes are generally not applied retroactively absent explicit Congressional authorization). For these reasons, the two year statute of limitations does not apply to this case.

Moreover, the Hearing Officer applied the new statute of limitations incorrectly. For example, the Hearing Officer mechanically limited his consideration to two years preceding the date of the hearing request – without considering or establishing when the claims at issue accrued. AR 47-50. This is no small matter, since under the IDEA amendments, a claim accrues when the parent "knew or should have known" about the alleged action that forms the basis of the complaint; and no statute of limitations applies at all if the school district fails to provide the parent any of the required information set forth in the statute.[1] Neither DCPS nor the Hearing Officer ever addressed these or any other aspects of the new statute of limitations.

Although DCPS never placed any evidence in the record, it now proposes a vaguely articulated position that "Defendants did not know, nor should they have known, about any allegations of a denial of FAPE until March 25, 2005, when the hearing request was filed.

---

[1] The new (and inapplicable) statute of limitations provides: "[a] parent . . . shall request an impartial due process hearing within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint." However, this timeline does not apply based on "the local educational agency's withholding of information from the parent that was required under this part to be provided to the parent." 20 U.S.C. § 1415(f)(3)(C) and (D).

Prior to 2004, the IDEA did not specify a statute of limitations, and courts have historically borrowed the "catch all" three year limitations period provided in D.C. Code § 12-301(8). See *Hammond v. District of Columbia*, 2001 U.S. Dist. LEXIS 25846, *4 (D.D.C. 2001). That three year statute of limitations is subject to the continuing violation, equitable tolling, and other doctrines in determining when plaintiffs' claims accrued. Id. Because defendants did not argue for its application here, and have waived the statute of limitations defense and provided no evidentiary support for it, plaintiffs have not addressed it here.

Therefore, the hearing officer could only consider those violations that occurred two years prior to March 25, 2005." [Defts. Memo in Support of Motion for Summary Judgment at 11, Doc. # 16). This formulation completely misses the mark and confuses the concept of accrual of claims and tolling of the statute of limitations. In determining when a claim accrues, the statute looks to when the <u>plaintiff</u> "knew or should have known" about the alleged action that forms the basis of the complaint (not when <u>the defendant</u> knew about "allegations" of a denial of FAPE and the statute of limitations is thus tolled by providing the defendant with notice). There is nothing in the record, and no argument in defendants' motion papers, to support a conclusion that the claims accrued prior to March 25, 2003. Defendants' assertions as to when they knew of the allegations of a denial of FAPE – though unsupported by citations to any record evidence – would relate, if at all, to when the statute of limitations was tolled by the filing of the plaintiffs' hearing request.

Defendants bear the burden of establishing the facts supporting a statute of limitations defense. <u>Hammond v. Chao</u>, 383 F.Supp. 2d 47 (D.D.C. 2005). Here, defendants have introduced no evidence supporting a conclusion that the claims at issue accrued prior to March 23, 2003, nor to any other aspect of the statute of limitations.

III.    **Plaintiffs' Appeal of The Hearing Officer's Order Purporting to Reduce the Compensatory Education Award Was Timely.**

DCPS argued in its motion to dismiss that plaintiffs' appeal of the reduction in the compensatory education award was untimely as not having been filed within 90 days of the November 4, 2005 Hearing Officer Decision. DCPS' position is puzzling. Plaintiffs filed their appeal of that Hearing Officer Decision within 90 days, thereby satisfying the statute of limitations, as this Court already held. Moreover, the hearing officer's decision reducing the award was issued on March 22, 2006, (not November 4, 2005) <u>after</u> the initial complaint filed in

WDC99 1281763-1.009975.0135

February 2006, and is expressly referenced in the amended complaint. Since plaintiffs provide no other argument supporting the hearing officer's purported action, the court should deny defendants' summary judgment request.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment should be denied.

Dated: September 13, 2006

By: /s/ Ankur J. Goel
Ankur J. Goel, D.C. Bar #451594
McDermott Will & Emery LLP
600 13th Street, N.W.
Suite 400
Washington, D.C. 20005
Tel.: (202) 756-8000
Fax: (202) 756-8087

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CORINE ANTHONY, et al.           )
                                 )
         Plaintiffs              )
                                 )
v.                               )   Civ. Action No. 06-192 (ESH)
                                 )
DISTRICT OF COLUMBIA             )
PUBLIC SCHOOLS, et al.           )
                                 )
         Defendants.             )

_____

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACT

Plaintiffs submit this response to defendants' statement of material facts. For convenience, plaintiffs have set out the defendants' statement, followed by plaintiffs' response in parentheses.

1. The student is a 17 year old resident of the District of Columbia, eligible for special education services. *Administrative Record ("AR") filed herein June 30, 2006, pp. 2, 35.* **(Not disputed).**

2. On March 25, 2005 Plaintiffs submitted a request for a due process hearing. *AR, pp. 2-7.* **(Not disputed).**

3. Subsequently, Plaintiffs submitted an Amended hearing request on April 25, 2005, seeking placement at the High Road School, funding by the District of Columbia Public Schools ("DCPS") of an independent clinical psychological evaluation and an independent speech/language evaluation, development of an appropriate individualized education plan

("IEP") and compensatory education. *AR, pp. 9, 7.* **(Not disputed, but the document speaks for itself).**

4.   A due process hearing was held on May 2, 2005 and the Hearing Officer's Determination ("HOD") issued May 4, 2005. The HOD found that DCPS had denied the student a free appropriate public education ("FAPE") because his IEP and educational placement were inappropriate. *AR, p. 37.* **(Not disputed but the document speaks for itself).**

5.   The hearing officer ordered DCPS to place and fund the student at High Road School. *Id.* **(Not disputed, but the decision speaks for itself).**

6.   The parties were ordered to submit legal memoranda on the issue of compensatory education. *Id.* **(The Hearing Officer decisions speaks for itself).**

7.   In an Interim Order issued May 19, 2005, the hearing officer said he did not have in the records "a sufficient current assessment of the student's individual needs to make the fact specific determination of compensatory education." *AR, p. 42.* **(Not disputed, but the decision speaks for itself).**

8.   The hearing officer ordered the case continued for 90 days to give High Road the opportunity to develop the fact specific information. *Id.* **(The decision speaks for itself).**

9.   A hearing was held on October 26, 2005 to determine the amount of compensatory education the student was due. *AR, p. 48.* **(Not disputed).**

10. In an HOD issued November 4, 2005, the hearing officer awarded the student two years of compensatory education for FAPE that was denied from March 25, 2003 to May 10, 2005. *Id.* **(Not disputed, but the decision speaks for itself).**

11. The hearing officer noted that the student had numerous unexcused absences from school, and said the amount of compensatory education awarded would be modified should the absences continue. *AR, p. 50.* **(Not material, and the decision speaks for itself. Plaintiffs note that the underlying facts regarding the student's educational record were not developed with any competent evidence and would be disputed).**

12. The hearing officer received a copy of the student's records from his first and second quarters at High Road. In the first quarter the student was absent eleven out of the 42 school days. In the second quarter the student was absent 12 out of the 44 school days. Teacher comments on his report card in each class said he had a "poor/infrequent" attendance records. *AR, p. 54.* **(Not material and disputed. The hearing officer did not receive a copy of all of the student's records from his first and second quarters at High Road, and there are no records whatsoever in the record supporting the comments on the attendance record aside from the statements in the Hearing Officer Decision. Moreover, the hearing officer did not hold a hearing or allow presentation of any evidence regarding the attendance record, the reasons for any absences, whether such absences were a result of the student's emotional and other disabilities and DCPS' failures to provide FAPE over the course of numerous years).**

13. In an Order issued March 22, 2006, the hearing officer reduced the award of compensatory education by six months because of the student's poor attendance record. *AR, p.*

*54.* **(Plaintiffs do not dispute that the hearing officer purported to reduce the award of compensatory education, but dispute the characterization of the student's attendance record, which is unsupported in the record evidence. Defendants' citation is to the hearing officer decision).**

| | |
|---|---|
| Dated: September 13, 2006 | By: /s/ _____<br>Ankur J. Goel, D.C. Bar #451594<br>McDermott Will & Emery LLP<br>600 13th Street, N.W.<br>Suite 400<br>Washington, D.C. 20005<br>Tel.: (202) 756-8000<br>Fax: (202) 756-8087<br><br>Attorney for Plaintiffs |

WDC99 1281763-1.009975.0135