UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORINE ANTHONY, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-192 (ESH) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants | : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pages 2-3 of Plaintiffs' "Opposition to Defendants' Motion for Summary Judgment" filed September 13, 2006 ("Plaintiffs' Opposition") reiterate the same argument Plaintiffs made in their "Motion for Summary Judgment" ("Plaintiffs' Motion")—that the statute of limitations is an affirmative defense that Defendants waived. *See Plaintiffs' Motion, pp. 11-13*. Defendants previously responded to this argument in their "Opposition to Plaintiffs' Motion for Summary Judgment" ("Defendants' Opposition") on pages 3-4.

Pages 3-5 of Plaintiffs' Opposition restate the same argument made in Plaintiffs' Motion, pp. 13-14—that the Hearing Officer applied a statute of limitations that was not in effect. Defendants previously responded to this argument in Defendants' Opposition, pp. 4-6.

Plaintiffs argued further that neither the Hearing Officer nor Defendants addressed the issue of when Plaintiff's claim accrued. Defendants have already made the Court aware of its position on these issues, and will not repeat those arguments herein. The fact remains that even

if the Court accepts Plaintiffs' argument that Defendants denied FAPE prior to March 23, 2003, Plaintiffs are still not entitled to 7200 hours or eight years of compensatory education.

**ARGUMENT**

In Reid v. District of Columbia, 401 F.3d 516 (C.A.D.C. 2005), an administrative hearing officer had awarded a student 810 hours of compensatory education—one hour for each day in the four-and-a-half years during which the school system denied the student appropriate instruction. The student believed that he was entitled to hour-per-hour relief rather than the hour-per-day calculation made by the hearing officer, and appealed the decision. The Reid Court rejected both formulaic approaches, holding that the hearing officer must conduct a "fact-specific" inquiry, and give both parties an opportunity to "present evidence regarding [the student's] specific educational deficits resulting from his loss of FAPE and the specific compensatory measures needed to best correct those deficits." Reid at 526.

In the instant case, Plaintiffs are demanding 7200 hours of compensatory education—180 school days per year, times 5 hours of classes per day, times 8 years that FAPE was allegedly denied. *AR, pp. 351-352*. That is precisely the "cookie-cutter" approach rejected by the Circuit Court of Appeals in Reid, and this Court must dismiss Plaintiffs' formulaic approach out of hand.

In this case, the Hearing Officer conducted the "fact-specific" inquiry dictated by Reid, holding a separate due process hearing for the sole purpose of determining the amount of compensatory education to award the student. The Hearing Officer heard testimony and reviewed documentary evidence that determined the student's current levels of academic performance.

After reviewing all of the evidence, the Hearing Officer adopted the *recommendations of Plaintiffs' witnesses* that the student receive individual tutoring and counseling and attend the Positive Nature After Care Program. *AR, p. 454*. The student was awarded two years of compensatory education services because the Hearing Officer believed two years would provide the "educational benefits that likely would have accrued from special education services the school district should have supplied in the first place," AR*, p. 50*, which is the standard established in Reid:

> We adopt a qualitative standard: compensatory awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA.

401 F.3d at 518.

The Hearing Officer followed the method described in Reid in determining the amount of compensatory education awarded. Accordingly, the HOD must be upheld.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment should be denied.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District
     of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/ *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651

**October 13, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CORINE ANTHONY, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | Civ. Action No. 06-192 (ESH) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendants** : | |

## <u>ORDER</u>

Upon consideration of the parties' motions for summary judgment, the oppositions and replies thereto, and the entire record herein, it is this _____ day of _____, 2006,

**ORDERED** that Defendants' motion for summary judgment is **GRANTED**; and it is

**FURTHER ORDERED** that the complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

5