UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY, et al. | ) |
| | ) |
| Plaintiffs | ) |
| v. | ) Civ. Action No. 06-192 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

It is undisputed that defendants systematically violated the IDEA by failing to identify
plaintiff D.A. as a child with a disability, and failing to provide a free appropriate education, over
a period of at least 8 years.  There is also no dispute that D.A. is entitled to compensatory
education, and plaintiffs' evidence of the education that would be required to compensate for the
violations is unrebutted by defendants.

The entire case boils down to defendants' tardy assertion of a statute of limitations
defense for which no facts were developed or presented, and which the Hearing Officer wrongly
and *sua sponte* relied upon.  Having failed to properly present the defense or develop a factual
record in support of it, defendants also urge the court to apply the wrong statute of limitations
and make no effort to provide a factual showing of when the claims accrued or of the various
other factors relevant to applying the statute of limitations.  The court should reject defendants'
invocation of the statute of limitations and grant plaintiffs motion for summary judgment.

I.     Defendants Have Waived the Statute of Limitations Defense, and the Hearing Officer
       Improperly Relied on It.

       Defendants do not assert that they raised a statute of limitations defense before the

Hearing Officer who heard this case under the Individuals With Disabilities Education Act.

Rather, they assert simply that Fed. R. Civ. Pro. 8 does not apply, and that they were not required

to file an answer in the administrative hearing process.

       Defendants apparently believe that they are entitled to spring an affirmative defense on a

disabled child and his parent without ever mentioning it and without ever developing a factual

record. Here, not only did defendants not raise the statute of limitations issue in the answer –

they never raised it before the Hearing Officer -- at all. They did not mention the statute of

limitations in response to the hearing request. They did not mention it at the initial hearing in

May 2005. A.R. 243. They declined to argue for the statute of limitations when the Hearing

Officer provided an opportunity for briefing on the statute of limitations at the conclusion after

the May 2005 hearing, and so should be considered to have affirmatively waived it. They did

not respond to plaintiffs' explanation regarding the statute of limitations subsequent to the May

2005 hearing, A.R. 16, further waiving the issue. They did not mention the statute of limitations

at the subsequent October 26, 2005 hearing on the compensatory education award. Nor did the

Hearing Officer raise any question about the statute of limitations at the October 26, 2005

hearing.

       For these reasons, plaintiffs had no reason to develop a factual record regarding the

statute of limitations at either hearing. In light of the fact that the statute of limitations is subject

to various factual determinations as to when a claim arose, the presence of a continuing

violation, and the dates on which a plaintiff knew or should have known of a violation, the

WDC99 1297413-1.009975.0135

Hearing Officer erred by unilaterally and *sua sponte* deciding the case on the basis of a new statute of limitations.

Because DCPS had effectively waived the defense, there was no evidence to support the Hearing Officer's decision, and no fair notice as is needed for purposes of due process. Defendants further waived the statute of limitations issue by failing to raise it as an affirmative defense in its answer in this court.

II.    Defendants Cite the Wrong Statute of Limitations, and Fail to Establish When the Claims Accrued

Defendants' bald assertion that a 2 year statute of limitations applies is based solely on the accident that the Hearing Officer's final determination of the amount of compensatory education came several months after the effective date of the 2004 amendments to the IDEA. Defendants ignore the facts that the conduct at issue occurred before the effective date; the hearing request was filed before the effective date; the initial hearing was held in May 2005, before the effective date; and briefs were submitted (in which the parent, but not the school district, addressed the applicable statute of limitations) before the effective date of the amendments. Nor do the defendants cite any cases or legislative history, present any analysis, or respond to plaintiffs' cases establishing that statutes of limitations do not apply retroactively in the absence of clear statements of congressional intent. The Hearing Officer applied the new statute of limitations without the benefit of any briefing on the subject by either party.

Moreover, whatever the limitations period that would apply, defendants have made no effort to address or establish with competent evidence when the claims at issue accrued, and the Hearing Officer failed to do so as well. As plaintiffs previously indicated, there would be a significant factual question as to when the statute of limitations accrued. Defendants have

WDC99 1297413-1.009975.0135

developed no evidence on when the claims accrued, and have not even presented argument on when the claims accrued.

Even if the new two year statute of limitations applied, the Hearing Officer would have had to determine when the parent "knew or should have known" about the alleged actions that form the basis of the complaint. The Hearing Officer did not address the issue of accrual at all. Nor did the Hearing Officer address, or provide an opportunity for the parties to address, whether the new statute of limitations even applied to the case, when the claims accrued, or whether the new statute of limitations was inapplicable based on the school district's "withholding of information from the parent that was required under this part to be provided to the parent," 20 U.S.C. § 1415(f)(3)(c).

Defendants apparently rely on their convoluted assertion, unsupported by evidence, that the school district did not know of the parent's claims until the date the hearing request was filed. But defendants have confused the concept of tolling of the statute of limitations (by the filing of the hearing request) with the date the claims at issue accrued. Defendants make no effort to explain why plaintiffs' claims for violations that occurred prior to March 23, 2003 (2 years before the filing of the hearing request) also accrued prior to that date. Since the date of the violation is not the date of accrual under the new IDEA amendments, defendants would have been required to present evidence establishing when the plaintiffs "knew or should have known" of the violations (not when the defendants knew of the plaintiffs' hearing request). Moreover, under the new statute of limitations, it would have been necessary to address whether the school district withheld required information from the parent. Since there was no notice of the statute of limitations defense, and in particular of any effort to apply the new IDEA statute of limitations, the record is devoid of facts on this issue.

In responding to the Hearing Officer's invitation to brief the compensatory education issue, the plaintiffs addressed the 3-year statute of limitations that would have been applicable to this case, had the defendants properly raised or pursued the issue. Post-Hearing Memorandum on Compensatory Education Award Sought By the Parent, May 2005, AR 16 - 33.[1] In that response, plaintiffs explained that the 3-year statute of limitations was tolled due to the application of the continuing violation and equitable tolling doctrines. *Id.* at 9-11; AR 24-26. In particular, it is worth noting that many of the violations for the earlier years involved defendants' failure to meet its affirmative obligation to identify children with disabilities; that violation continued over the years and it is appropriate to toll the statute of limitations. Defendants did not at the time contest or respond to plaintiffs' application of the statute of limitations. Defendants therefore waived the opportunity to contest it, and are estopped from doing so at this stage in the litigation.

## CONCLUSION

Plaintiffs respectfully submit that defendants have waived a statute of limitations defense and the Hearing Officer did not provide the requisite prior notice or have substantial evidence to support the decision. Moreover, defendants did not contest plaintiffs' arguments about the statute of limitations before the Hearing Officer, and they have failed to present factual evidence to meet their burden of establishing the defense. Accordingly, plaintiffs' Motion for Summary Judgment should be granted.

---

[1] As noted above, defendants addressed only the nature of the compensatory award, and did not raise any issue regarding the statute of limitations.

WDC99 1297413-1.009975.0135

Dated: October 13, 2006                    By: /s/ Ankur J. Goel
                                               Ankur J. Goel, D.C. Bar #451594
                                               McDermott Will & Emery LLP
                                               600 13th Street, N.W.
                                               Suite 400
                                               Washington, D.C. 20005
                                               Tel.: (202) 756-8000
                                               Fax: (202) 756-8087

                                               Attorney for Plaintiffs

-6-

WDC99 1297413-1.009975.0135