UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CORINE ANTHONY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0192 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

This case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, which requires state education agencies to identify, locate, and evaluate children with disabilities and to provide them with a free appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1), (3). Plaintiffs Corine Anthony and her minor son, D.A., have sued the District of Columbia and the Superintendent of the District of Columbia Public Schools ("DCPS"), seeking review of two hearing officer determinations ("HODs") which awarded D.A. eighteen months of compensatory education as a remedy for defendants' IDEA violations. Plaintiffs argue that the hearing officer improperly limited D.A.'s compensatory education award by imposing *sua sponte* a two-year statute of limitations, by applying an incorrect statute of limitations, and by failing to address plaintiffs' arguments regarding the application of the continuing violation and equitable tolling doctrines. Defendants contend that the award was appropriate and should be upheld. Both parties have moved for summary judgment. Upon considering the pleadings and the entire record herein, the Court concludes that the hearing

officer incorrectly limited the scope of relief and remands the matter to the hearing officer for a redetermination of his award of compensatory education consistent with this Memorandum Opinion.

## BACKGROUND

Plaintiff D.A. is a seventeen-year-old boy with chronic paranoid schizophrenia and significant speech, language, emotional, and psychological deficiencies. (Pls.' Statement of Material Facts Not in Dispute ("Pls.' Statement") ¶¶ 1-3, 6.) D.A. performed poorly in school as early as the second grade, when his student report for school year ("SY") 1996-1997 showed that he had "little or no mastery of fundamental knowledge and skills" for his grade level. (*Id.* ¶ 10.) In third grade (SY 1997-1998), D.A. continued to perform poorly in all areas of his standardized tests, and he displayed disruptive social behavior and lack of focus. (*Id.* ¶ 11.) D.A. repeated third grade, but he showed no improvement in SY 1998-1999. (*Id.* ¶ 12.) D.A. nevertheless proceeded to fourth grade in SY 1999-2000, where D.A.'s teacher expressed concern about his behavior and where he continued to flounder academically. (*Id.* ¶¶ 12-13.) D.A. repeated fourth grade in SY 2000-2001. (*Id.* ¶¶ 13-14.)

Despite these clear warning signs, DCPS did not initiate the process of evaluating D.A. for a disability until January 2001, when D.A. was repeating the fourth grade. (*Id.* ¶¶ 7, 14.) Evaluations performed during 2001 revealed that D.A. was functioning at a borderline intellectual level, was suffering psycho-social and emotional difficulties, and had below age- and grade-level language and reading skills. (*Id.* ¶15; A.R. at 82.) In September 2001, DCPS prepared the first in a series of Individualized Education Plans ("IEPs") for D.A. (*See* Pls.' Statement ¶ 15.) That IEP included only five hours per week of special education in speech and

language, with no special education services for other academic areas, no acknowledgment of the significant social and emotional difficulties detected in DCPS's evaluations, and no provision for a Behavioral Intervention Plan ("BIP") or Extended School Year ("ESY") services. (*Id.* ¶ 17.) The second IEP, dated May 15, 2002, was similarly limited, although it expanded D.A.'s specialized instruction to ten hours per week. (*Id.* ¶ 18.) The third IEP, dated October 2, 2002, increased D.A.'s specialized instruction and at last addressed his emotional problems by providing for some psychological counseling. (*Id.* ¶ 19; A.R. at 127.) The third IEP again failed to include a BIP or ESY, and DCPS dropped D.A.'s speech/language impairment classification without explanation. (Pls.' Statement ¶ 19.)

The fourth IEP, dated October 3, 2003, reduced D.A.'s specialized instruction from 16.5 hours to 8.35 hours, cut a half-hour from D.A.'s weekly counseling without explanation, and set no speech/language or social/emotional goals. (*Id.* ¶ 20.) Moreover, D.A. did not receive the speech/language therapy and psychological counseling services required under the IEP. (*Id.* ¶ 21.) For example, a leg injury prevented D.A. from attending school from September 2003 to January 2004, yet DCPS did not provide D.A. with any required services during that period. (*Id.* ¶¶ 21-22.) D.A.'s SY 2003-2004 report card showed that he made no academic progress that school year. (*Id.* ¶ 21.) The fifth IEP, dated November 18, 2004, did not contain social/emotional goals appropriate for a student classified with an emotional disorder. (*Id.* ¶ 23; A.R. at 46.) Although the IEP required fifteen hours per week of specialized instruction, D.A.'s report card attested to only ten hours per week. (Pls.' Statement ¶ 24.) During SY 2004-2005, D.A.'s school performance again failed to improve. (*Id.* ¶ 25.)

On March 25, 2005, D.A.'s mother filed a request for a due process hearing under

20 U.S.C. § 1415(b)(6), challenging DCPS's past and continuing failure to provide FAPE and seeking an appropriate non-public special educational placement for D.A., as well as an award of compensatory education. (Pls.' Statement ¶ 26; A.R. at 5-7.) The hearing request alleged that each of the IEPs developed for D.A. was inappropriate and/or had not been implemented as written and also challenged DCPS's failure to identify and evaluate D.A. in a timely manner. (A.R. at 5-7, 9.) At the May 2, 2005 hearing, DCPS presented no evidence but instead relied solely on the documents that plaintiffs' counsel submitted. (Pls.' Statement ¶ 27.) After hearing testimony from plaintiffs' witnesses, the hearing officer granted plaintiffs' request that D.A. be placed at the High Road Upper School. (A.R. at 368-70; *see also id.* at 37.) The hearing officer reserved judgment on the issue of compensatory education and asked the parties to submit memoranda about the effect of the Court of Appeals' decision in *Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005), and the District of Columbia's "catch-all" three-year statute of limitations, D.C. Code § 12-301(8), on the 7200-hour compensatory education award that plaintiffs had requested. (A.R. at 369-70; *see also id.* at 37.) Although both parties submitted supplemental memoranda, only plaintiffs addressed the statute of limitations issue. Plaintiffs agreed that a three-year statute of limitations applied to due process hearing requests in IDEA cases but argued that the claim for eight years of compensatory education was timely under the continuing violation and equitable tolling doctrines. (A.R. at 24-26.) A hearing regarding compensatory education was held on October 26, 2006, but DCPS did not attend. (Pls.' Statement ¶ 30; A.R. at 44.)

On November 7, 2006, the hearing officer issued a second HOD. Although DCPS had failed to address the issue and plaintiffs had apparently agreed with the hearing officer's

suggestion that a three-year statute of limitations was appropriate, the hearing officer applied the two-year statute of limitations in the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), which had become effective after the initial hearing, to bar any claim for compensatory education before March 25, 2003, two years before plaintiffs filed their due process complaint. (A.R. at 47-48.) The hearing officer awarded D.A. two school years of compensatory education in the form of after-school tutoring and counseling but reserved the right to modify the award upon his review of D.A.'s school attendance records. (A.R. at 50.) Plaintiffs appealed this HOD by filing a complaint with this Court on February 3, 2006, pursuant to 20 U.S.C. § 1415(i)(2)-(3). On March 22, 2006, the hearing officer issued an order reducing the award from two years to eighteen months in light of D.A.'s record of absences at his new placement. (A.R. at 53-54.) Plaintiffs amended their complaint on May 18, 2006, and defendants filed their answer on June 22, 2006. Both parties have now moved summary judgment.

## STANDARD OF REVIEW

In reviewing an administrative determination under the IDEA, the district court "(i) shall review the records of the administrative proceedings, (ii) shall hear additional evidence at the request of a party, and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(c). The reviewing court must give "due weight" to the hearing officer's determinations, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982), but less deference is appropriate than is conventional in administrative proceedings, *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988). Where, as here, neither party seeks to present additional evidence, a motion for summary judgment "operates as a motion

for judgment based on the evidence comprising the record." *Jenkins v. District of Columbia*, No. 02-1055, 2005 U.S. Dist. LEXIS 34002, at *4 (D.D.C. Dec. 16, 2005). The party challenging the administrative decision bears the burden of persuading the court to set aside the decision. *Kerkam*, 862 F.2d at 887.

## ANALYSIS

**I.     Hearing Officer's Consideration of Statute of Limitations Issue**

Plaintiffs argue that the hearing officer erred by imposing *any* statute of limitations because defendants waived the statute of limitations defense by failing to raise it in the administrative proceedings. (Pls.' Mem. of P. & A. in Support of Pls.' Mot. for Summ. J. ("Pls.' Mem") at 12-13.) Defendants argue that plaintiffs' waiver argument is inapposite because Federal Rule of Civil Procedure 8(c) does not apply to administrative proceedings. (Defs.' Mem. in Opp'n to Pls.' Mot. for Summ. J. ("Defs.' Opp'n") at 3-4.)

As initial matter, the Court agrees with defendants that Rule 8(c) does not apply in these circumstances. Rule 8(c) requires certain affirmative defenses to be raised in a responsive pleading; however, there was no requirement under either the IDEA or the federal or District of Columbia implementing regulations in effect at the time of the hearing that defendants file any responsive pleading. Indeed, the only affirmative disclosure obligation on defendants under those regulations was the duty to disclose, within five business days prior to the hearing, "all evaluations completed by that date and recommendations based on the offering party's evaluations that the party intends to use at the hearing." 34 C.F.R. § 300.509(b)(1) (2004); D.C.

Mun. Regs. tit. 5, § 3031.2 (2003).[1]

The Court also notes that plaintiffs did not make any waiver argument or otherwise object to the hearing officer's consideration of the effect of the statute of limitations on the compensatory education award when the hearing officer raised the issue at the May 2, 2005 hearing or in response to his request for further briefing on the subject.  At the hearing, plaintiffs agreed that there is a three-year statute of limitations in IDEA cases, but they argued that their claims were nevertheless timely under the continuing violation doctrine.  (A.R. at 364-65.) Plaintiffs also addressed the statute of limitations in their post-hearing memorandum on compensatory education, again agreeing that a three-year statute of limitations applied and arguing for application of the continuing violation and equitable tolling doctrines.  (A.R. at 24-26.)  Because plaintiffs did not present their waiver argument to the hearing officer, despite having submitted a supplemental memorandum addressing the issue, the Court declines to consider the argument now.  *See, e.g.*, *Lozowski v. Mineta*, 292 F.3d 840, 847-48 (D.C. Cir. 2002) (on review of decision of Department of Transportation Board for Correction of Military Records, plaintiff could not rely in court upon an argument not made to the Board, absent "exceptional circumstances"); *Leonard v. McKenzie*, 869 F.2d 1558, 1563 (D.C. Cir. 1989) (declining to consider issue not raised before the IDEA hearing examiner in the first instance and noting that "it would be both unfair and unwieldy to overturn the hearing officer's decision on grounds that she had no opportunity to consider or evaluate").

---

[1] The IDEA and federal implementing regulations have since been amended to include certain other disclosure obligations.  20 U.S.C. § 1415(c)(2)(B); 71 Fed. Reg. 46,793 (Aug. 14, 2006) (to be codified at 34 C.F.R. § 300.508).

**II.     Non-Retroactivity of IDEIA's Two-Year Statute of Limitations**

Plaintiffs contend that the hearing officer incorrectly applied the IDEIA's two-year statute of limitations, 20 U.S.C. § 1415(b)(6)(B), (f)(3)(c), to events and proceedings that occurred before the statute's July 1, 2005 effective date. (Pls.' Mem. at 13-14; Pls.' Mem. of P. & A. in Opp'n to [Defs.'] Mot. for Summ. J. ("Pls.' Opp'n") at 3-4.) Defendants maintain that the IDEIA's statute of limitations governed the compensatory education award because the supplemental hearing on compensatory education was not held, and the award was not issued, until after July 1, 2005. (Defs.' Opp'n at 4-6.)

The governing presumption is that legislation does not have retroactive effect absent Congress's express stipulation. *See generally INS v. St. Cyr*, 533 U.S. 289 (2001); *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). When a statute contains no express command regarding retroactivity, a court "must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted . . . ." *Id.* at 280. If the statute would operate retroactively, the "traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Id.*

The IDEIA itself does not address retroactivity.[2] Before the IDEIA, the IDEA contained no statute of limitations, and courts in this district borrowed the District of Columbia's three-year "catch-all" limitations period, D.C. Code § 12-301(8), for due process hearing requests. *Wingfield v. District of Columbia*, No. 00-121, slip op. at 3-4 (D.D.C. June 21, 2000); *Hammond v. District of Columbia*, No. 99-1723, 2001 U.S. Dist. LEXIS 25846, at *13-14 (D.D.C. Mar. 1,

---

[2] Although the IDEIA included a July 1, 2005 effective date, Pub. L. No. 108-446, § 302(a)(1), 118 Stat. 2647, 2803 (2004), that alone "does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Landgraf*, 511 U.S. at 257.

2001). Plaintiffs filed their request for a due process hearing when this three-year statute of limitations was in effect, and at the end of the initial hearing on May 2, 2005, the hearing officer requested briefing on the applicability of the three-year statute of limitations to plaintiffs' compensatory education claim. Application of the IDEIA's more restrictive two-year statute of limitations to eliminate plaintiffs' pending claims for compensatory education prior to March 25, 2003 would undoubtedly impair rights possessed by plaintiffs at the time they filed. *See Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994) ("A newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought under the old statutory scheme because to do so would be manifestly unjust."); *Pettigrew v. Middletown Area Sch. Dist.*, No. 05-468, 2006 U.S. Dist. LEXIS 69041, at *20-21 (M.D. Pa. Sep. 26, 2006) (retroactive application of IDEIA's limitations period for judicial review would "'significantly impair existing rights and thereby disappoint legitimate expectations'" where "two year limitations period . . . would be cut short, and the plaintiffs' expected time in which to bring their claim unfairly curtailed" (quoting *P.S. v. Princeton Reg'l Schs. Bd. of Educ.*, No. 05-4769, 2006 U.S. Dist. LEXIS 252, at *6-7 (D.N.J. Jan. 5, 2006)).

Other courts have similarly concluded that the amendments set forth in the IDEIA, including the adoption of statutes of limitation for the filing of due process complaints and federal court actions, do not apply retroactively. *Barr-Rhoderick v. Bd. of Educ.*, No. 04-0327, 2006 U.S. Dist. LEXIS 72526, at *51-52 (D.N.M. Apr. 3, 2006) (applying pre-IDEIA statute of limitations for judicial review); *Farzana K. v. Ind. Dep't of Educ.*, No. 05-266, 2005 U.S. Dist. LEXIS 38561, at *19 (N.D. Ind. Dec. 20, 2005) (same); *R.G. v. Glen Ridge Bd. of Educ.*, No. 05-

3017, 2005 U.S. Dist. LEXIS 30606, at *12 (D.N.J. Dec. 2, 2005) (applying pre-IDEIA statute of limitations for judicial review to civil action filed on June 13, 2005, two days before the IDEIA's effective date); *see also, e.g., Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 370 (3d Cir. 2005); *Emery v. Roanoke City Sch. Bd.*, 432 F.3d 294, 297 n.1 (4th Cir. 2005); *Dep't of Educ. v. D.K.*, No. 05-560, 2006 U.S. Dist. LEXIS 37438, at *1 n.1 (D. Haw. June 6, 2006) (applying pre-IDEIA version of the IDEA where due process hearing request was made prior to IDEIA's effective date, even though hearing officer's decision was not issued until after the effective date); *Kruvant v. District of Columbia*, No. 03-1402, 2005 U.S. Dist. LEXIS 34045, at *4 n.2 (D.D.C. Aug. 10, 2005). This Court agrees and therefore holds that the hearing officer erred in applying the IDEIA's two-year limitations period.

### III. Scope of Compensatory Education Award

An award of compensatory education must be "reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Reid v. District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005); *see id.* at 525 (compensatory education award must compensate prior FAPE denials). Although D.A. alleged that he was denied FAPE beginning in SY 1996-1997, the hearing officer erroneously applied the IDEIA's two-year statute of limitations to bar plaintiffs' claims before March 25, 2003, and thus considered only the denial of FAPE after that date in formulating the compensatory education award. Because the Court holds that the three-year statute of limitations of D.C. Code § 12-301(8) applies, the Court will remand the case so that the hearing officer can formulate an appropriate compensatory education award in light of any additional FAPE denials within the limitations period. *See Thomas v. District of Columbia*, 407

F. Supp. 2d 102, 115-16 (D.D.C. 2005) (remanding for redetermination of compensatory education award where hearing officer improperly limited the time period for which compensatory education was available).

In applying the three-year statute of limitations, the hearing officer should determine in the first instance when plaintiffs' claims accrued, taking evidence, if necessary as to when D.A.'s mother knew or had reason to know of the injuries that are the basis for plaintiffs' claims.  *See R.R. v. Fairfax County Sch. Bd.*, 338 F.3d 325, 332 (4th Cir. 2003); *Hammond*, 2001 U.S. Dist. LEXIS 25846, at *15-16.  If the claims (or some portion of them) accrued before March 25, 2002, the hearing officer should also consider whether the claims are nevertheless timely under the continuing violation or equitable tolling doctrines.  *See Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) (once defendants show that the statute of limitations has run, plaintiffs have the burden to show that an exception to the statute of limitations applies).

Since at least some portion of plaintiffs' claim for compensatory education prior to March 25, 2003 is timely[3/], the hearing officer must formulate an award designed to remedy the denial of FAPE not just from March 25, 2003 to May 10, 2005, but in earlier years as well.  In this regard, the Court notes that at the May 2, 2005 hearing, the hearing officer granted plaintiffs' motion for a directed verdict, finding that DCPS had presented no evidence that FAPE had been provided.  (A.R. at 272.)  It should therefore be possible for the hearing officer to determine, based on the existing record, whether DCPS satisfied its burden, with respect to the years prior to March 25,

---

[3/]Plaintiffs' claim for compensatory education for the period from March 25, 2002 to March 25, 2003 is clearly timely under the three-year statute of limitations.  Whether plaintiffs' earlier claims are timely will depend on the hearing officer's resolution of the accrual, continuing violation, and equitable tolling issues.

2003, to show "based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student." D.C. Mun. Regs. tit. 5, § 3030.3 (2003).[4] In formulating a new compensatory education award, the hearing officer must determine "what services [D.A.] needs to elevate him to the position he would have occupied absent the school district's failures." *Reid*, 401 F.3d at 527. Although more services may well be necessary to compensate a longer FAPE denial, this is not necessarily true in all cases, as the focus under *Reid* is on restoring educational benefits lost as a result of FAPE denials rather than on replacement of lost hours. *See Thomas*, 407 F. Supp. 2d at 115 (D.D.C. 2005) (noting that "[i]t may be conceivable that no compensatory education is required for the denial of FAPE from before November 2001, either because it would not help or because A.T. has flourished in his current placement, or, to the contrary, it may be that A.T. could . . . benefit from additional services").[5]

The Court urges the hearing officer and the parties to reach a speedy resolution of the matter in light of the IDEA's "inten[t] to ensure prompt resolution of disputes regarding appropriate education for handicapped children." *Spiegler v. District of Columbia*, 866 F.2d 461, 467 (D.C. Cir. 1989); *see also Hammond*, 2001 U.S. Dist. LEXIS 25846, at *26 n.10 ("The remand must not serve as a justification for further delay in addressing [the student's] needs. The

---

[4] This regulation was amended in 2006 to allocate the burden to the party seeking relief, in accordance with the Supreme Court's holding in *Schaffer v. Weast*, 546 U.S. 49 (2005). 53 D.C. Reg. 5249 (June 30, 2006). At the time of the due process hearing, however, DCPS had the burden of proof.

[5] Because on remand the hearing officer will have to formulate a new compensatory education award, the Court need not decide whether the hearing officer's March 22, 2006, modification of his original compensatory education award was proper.

case has already had a lengthy and tortured history, during which [the student] has lost year after year of educational benefit."). Nor should this exercise be unduly burdensome, since much of the relevant evidence has already been developed in the hearings below.[6]

## CONCLUSION

For the reasons stated above, the Court will deny defendants' motion for summary judgment and grant plaintiffs' motion for summary judgment in part to the extent that the hearing officer's award is overturned for his erroneous application of a two-year statute of limitations. The Court remands the case to the hearing officer to reassess the compensatory education award consistent with this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   November 30, 2006

---

[6] The Court notes that D.A. is now at least seventeen years old and that twenty-one is the age limit on the public schools' duty to provide FAPE. *See* 20 U.S.C. § 1412(a)(1)(A). Federal courts have consistently held, however, that compensatory education may continue beyond that age to make up for the denial of FAPE during the statutory period. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 249 (3d Cir. 1999); *Bd. of Educ. v. Illinois State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996); *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 189-190 (1st Cir. 1993); *Burr v. Ambach*, 863 F.2d 1071, 1076 (2d Cir. 1988), *vacated sub nom. Sobol v. Burr*, 492 U.S. 902 (1989), *reaff'd*, 888 F.2d 258 (2d Cir. 1989); *Jefferson County Bd. of Educ. v. Breen*, 853 F.2d 853, 857-858 (11th Cir. 1988); *see also Reid*, 401 F.3d at 522 (acknowledging other circuits' awards of compensatory education beyond age twenty-one).